Hillsborough
No. 7852

MAURICE MALTAIS AND CECILE MALTAIS

v.

NATIONAL GRANGE MUTUAL INSURANCE COMPANY

May 9, 1978

*James A. Connor*, of Manchester, by brief and orally, for the plaintiffs.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg* orally), for the defendant.

PER CURIAM.  Bill in equity brought by the plaintiffs, Maurice and Cecile Maltais, to rescind a release executed by them releasing the defendant, National Grange Mutual Insurance Company, and its insured from all further liability in connection with an automobile accident that occurred on December 27, 1974, involving the plaintiff Cecile and the defendant's insured. After hearing, the court below made findings and rulings and ordered that the release be rescinded and that the plaintiffs return the $150 paid by the defendant. The defendant's exception to the granting of the plaintiffs' bill was transferred by *Brock*, J.

The plaintiff, Cecile Maltais, was driving her automobile in Manchester, New Hampshire on December 27, 1974, and while stopped at a stop sign her motor vehicle was struck from the rear by the defendant's insured. She was taken to a hospital where she was examined by a physician who informed her that the X-rays he had taken showed nothing wrong with her back. Nonetheless, the plaintiff Cecile experienced pain in her back and neck.

A short time after the examination, she was contacted by telephone by a claims adjustor acting for the defendant company. After several telephone conversations with the adjustor, and after payment by the defendant company of all property damages, both of the plaintiffs signed a release freeing the defendant company and its insured from all liability arising out of the accident of December 27, 1974. This release was signed on February 10, 1975.

Some months after the release was executed Cecile sought the advice of an attorney on a medical malpractice claim for an unrelated incident. The attorney suggested that she get another examination of her back as she was still experiencing pain and discomfort. Cecile was

then examined by another doctor. Cecile testified to an arthritic condition in her back and that she had no problems before the accident.

It is apparent from the record that the plaintiffs make no claim of fraud or misrepresentation on the part of the defendant in procuring the release. The sole issue is whether the trial court was correct in its ruling that there was a mistake concerning a material fact and that the mistake constituted a legal basis for rescinding the release.

"[E]quity affords relief when there is a mutual mistake in reference to a material matter covered by the contract, as readily in the case of a compromise as in the case of any other contract." *McIsaac v. McMurray*, 77 N.H. 466, 472, 93 A. 115, 118 (1915). The burden is on the party seeking rescission to prove the mistake and its materiality to the understanding of the parties. "Clear and convincing proof" is necessary to overcome the presumption that the language of the release expresses the intention of the parties and ought therefore to be given its full legal effect. *McIsaac v. McMurray, id.* at 474, 93 A. at 119; *Bee v. Chicopee Mfg. Corp.*, 94 N.H. 478, 479, 55 A.2d 897, 898 (1947).

Whether a mistake relates to a matter that was material to the release depends upon the intention of the parties in making the contract. "If their purpose was to terminate all dispute and litigation between them in reference to the defendant's liability for negligence in causing the plaintiff's injuries and for the resulting damages, including both the known and unknown,—in other words, if the money was paid by the defendant and received by the plaintiff simply to avoid further controversy and not as compensation for the plaintiff's injuries,—the mistake as to the extent of his injuries would be immaterial." *McIsaac v. McMurray*, 77 N.H. at 473, 93 A. at 119; *see Cogswell v. Railroad*, 78 N.H. 379, 101 A. 145 (1917). Of course a compromise agreement may not be entered into with the singular purpose of either avoiding future litigation or compensating the releasor. "Compensation being given, litigation is avoided as an incidental result. But even if the result is sought, yet if it is sought to be accomplished by means of compensation, then a material mistake in the measurement of compensation gives the right to have the release canceled. . . ." *Poti v. Company*, 83 N.H. 232, 234, 140 A. 587, 589 (1928).

The mistake must relate to a past or present fact material to the agreement, such as the nature or extent of the injuries intended to be compensated by the settlement, as opposed to prophecy or opinion relative to future events. "[A] mistake in prophecy, or in

opinion, or in belief relative to an uncertain future event, such as the probable developments from, quickness of recovery from, and the permanence of, a known injury, is not such a mutual mistake as will avoid the release." *Bee v. Chicopee Mfg. Co.*, 94 N.H. at 481, 55 A.2d at 899; *Poti v. Company*, 83 N.H. at 234, 140 A. at 589.

█ In this case there is not sufficient evidence to sustain the court's order rescinding the release and its implied finding that there was a mutual mistake at the time of the settlement as to the nature or extent of plaintiff Cecile's injuries. The plaintiffs failed to introduce any medical evidence that the accident caused an injury more severe than originally thought or aggravated a preexisting condition of which the parties were originally unaware. There was no other evidence introduced from which the court could find that the parties were mistaken as to the nature or extent of the injuries caused by this accident, or as to any other matter material to their agreement. Accordingly the court erred in ordering that the release be rescinded on the ground of mutual mistake.

*Exception sustained.*

LAMPRON and BOIS, JJ., did not sit; BEAN and JOHNSON, JJ., sat by assignment under RSA 490:3.