Hillsborough
No. 83-198

FRANCIS J. GORMAN

v.

TOWN OF PELHAM

December 27, 1983

*Winer, Pillsbury & Bennett*, of Nashua (*David K. Pinsonneault* on the brief and orally), for the plaintiff.

*Soule, Leslie, Bronstein & Zelin*, of Salem (*Barbara F. Loughman* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

This case involves the scope of a general release that ended litigation over a subdivision of land in the town of Pelham.

In 1979, the plaintiff filed a bill in equity and also a civil rights damage action under 42 U.S.C. § 1983 on the grounds that the town's subdivision regulations precluded him from subdividing his property. The plaintiff then initiated negotiations, and a mutually agreeable resolution to the dispute was reached. In 1980, the plaintiff conveyed to the town approximately eleven acres of land, for purposes of open space, as required by the Pelham Planning Board. On March 6, 1981, a general release of all claims was executed by the plaintiff in favor of the town. This court in June, 1981, decided *J.E.D. Associates, Inc. v. Town of Atkinson*, 121 N.H. 581, 584, 432 A.2d 12, 15 (1981), in which we reaffirmed our earlier holding in *Robbins Auto Parts, Inc. v. City of Laconia*, 117 N.H. 235, 237, 371 A.2d 1167, 1169 (1977), that it was unconstitutional for a municipality to exact land from a developer in return for approval of a development.

Almost eleven months later, in May 1982, the plaintiff filed a petition for declaratory judgment seeking return of the eleven acres. The town filed a motion to dismiss, pleading the plaintiff's general release as a bar to the action. The motion was granted by *Flynn*, J., and we affirm.

*J.E.D. Associates* reaffirmed law that was in effect at the time of the settlement and release. The release therefore clearly barred all claims, including the plaintiff's *Robbins-J.E.D.* claim. *See generally Maltais v. National Grange Mut. Ins. Co.*, 118 N.H. 318, 320, 386 A.2d 1264, 1265 (1978).

*Affirmed.*