965 F.2d 90
 Carl A. RANDLES, Jr., Plaintiff-Appellant,
v.
James GREGART, Prosecutor, Kalamazoo County; Thomas
Edmonds, Sheriff, Kalamazoo County; La Mar Brooks, Deputy
Sheriff, Kalamazoo County; William Timmerman, Deputy
Sheriff, Kalamazoo County; Kenneth E. Long, Judge, Eighth
Judicial District; and the Eighth District Court,
Defendants-Appellees.
 Nos. 91-1349, 91-1351.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 4, 1992.
Decided May 28, 1992.
 
 Carl A. Randles, Jr., Kalamazoo, Mich. (argued and briefed), for plaintiff-appellant.
 Thomas J. Laginess (briefed), Marcia L. Howe, Cummings, McClorey, Davis & Acho, Livonia, Mich., Richard H. Winslow (argued), Cummings, McClorey, Davis & Acho, Battle Creek, Mich., Clive D. Gemmill, Office of Atty. Gen., Lansing, Mich., Frank J. Monticello, Office of Atty. Gen., Appellate Div., Lansing, Mich. (argued and briefed), for defendants-appellees.
 Before: NELSON and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant Carl A. Randles, Jr. initiated this pro se appeal from the district court judgments dismissing his two 42 U.S.C. section 1983 actions, which are consolidated in this appeal. The first complaint requested an injunction against pending state criminal proceedings and a monetary award against James Gregart, Prosecutor, Kalamazoo County, Thomas Edmonds, Sheriff, Kalamazoo County, La Mar Brooks, Deputy Sheriff, Kalamazoo County, and the Eighth District Court of Michigan for violations of Randles's Second, Fourth, Fifth, Ninth and Fourteenth Amendment rights. Randles also charged the prosecutor and sheriff in the first complaint for pursuing a de minimis prosecution.
 
 
 2
 The defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and for summary judgment, which the district court granted in part. Following discovery, the district court granted the defendants' motion for summary judgment on the remaining claims and entered final judgment on January 4, 1991. Randles filed a second complaint on February 4, 1991, adding Judge Kenneth E. Long and Deputy Sheriff William Timmerman. The Eighth District Court of Michigan was not a named defendant in the second complaint and no appeal was taken from the district court's decision dismissing the action against the Eighth District Court of Michigan on January 4, 1991. The United States district court sua sponte dismissed Randles's second complaint on February 14, 1991, finding the action barred by res judicata.
 
 
 3
 This appeal arose from a confrontation on the morning of November 2, 1988, between Randles and two Kalamazoo County Deputy Sheriffs, La Mar Brooks and William Timmerman. The two deputy sheriffs, who were parked in a lane fifty to seventy yards west of a farmhouse that Randles owned, observed Randles carrying a rifle while crossing an adjoining field as he walked towards his farmhouse. The deputies called to Randles on a bullhorn and requested that he walk over to their vehicle. Rather than cross the muddy field that lay between himself and the car, Randles motioned toward the farmhouse and told the deputies that he would meet them at the house.
 
 
 4
 The deputies drove to the farmhouse and requested him to relinquish the rifle. When Randles refused, Deputy Timmerman forcibly wrested the rifle from Randles's possession, twisting his arm in the process. The deputies ordered Randles to produce his hunting license. Randles replied that "a varmint had killed a half-grown goose and he was watching for the predator." Randles displayed the dead and partially eaten goose to Deputy Timmerman. He also identified the place where the goose had been killed and pointed out the carcass of a second goose that had been killed several days earlier.
 
 
 5
 The deputies issued Randles a citation to appear in court charging him with hunting foxes without a senior citizen's license. His rifle was returned to him. On February 23, 1989, the prosecutor requested that the citation be amended to charge Randles with hunting fur-bearing animals without a harvester's license. The state trial court, Judge Kenneth E. Long, granted this amendment. Randles was later found guilty by a jury and his conviction was upheld on appeal.
 
 
 6
 Randles filed his first complaint in the district court prior to his trial and conviction seeking to enjoin the pending state criminal action against him from proceeding. The district court denied the requested injunctive relief pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The district court also concluded that the Eleventh Amendment barred Randles's claim against the Eighth District Court of Michigan for monetary relief. The United States district court dismissed the Second, Fifth, and Ninth Amendments claims, since these amendments were not the source of legally cognizable claims against the state. In addition, the district court concluded that Randles had not alleged facts that would give rise to a Fourteenth Amendment claim under either the equal protection or due process clause. The claim of de minimis prosecution against Prosecutor Gregart was dismissed on the basis of prosecutorial immunity.
 
 
 7
 However, the district court denied the motions of Sheriff Edmonds and Deputy Sheriff Brooks to dismiss the claims against them, which invoked the defenses of lack of acquiescence and qualified immunity, respectively. It was at this point in time that Randles was convicted in the state court proceedings. The sheriff and deputy sheriff then moved for summary judgment, which the district court granted, finding that the existence of probable cause was no longer a question of fact since Randles had been found guilty in the state criminal proceeding, that there was no question of material fact concerning whether the deputies had used excessive force in disarming Randles, and that Randles had consented to the deputy sheriffs' entry onto his land. Since Randles's constitutional rights had not been infringed, there were no unconstitutional acts that Sheriff Edmonds had condoned as alleged by Randles. Final judgment was entered on January 4, 1991.
 
 
 8
 In his second complaint, filed on February 4, 1991, Randles reasserted the same facts as he had pleaded in his first complaint and joined the identical parties to the suit, except that Judge Kenneth E. Long and Deputy Sheriff William Timmerman were added and the Eighth District Court of Michigan was dropped. The district court, finding that the second complaint was based on facts identical to those in the first complaint and that Randles had been accorded the opportunity to litigate the first complaint, dismissed the second complaint based on res judicata.
 
 
 9
 Randles's most legally cognizable claim on appeal is his excessive force claim against the deputy sheriffs, which arises from his disarmament. However, Randles has failed to demonstrate the existence of any genuine dispute as to any issue of material fact that would join a cognizable issue for trial. Fed.R.Civ.P. 56(c). As a matter of law, the consideration of the existence of probable cause to support the seizure of the rifle by the deputy sheriffs and the citation of Randles charging a misdemeanor has been foreclosed by the state court judgment on the appearance citation issued on November 2, 1988. Walker v. Schaeffer, 854 F.2d 138, 142 (6th Cir.1988). The state court judgment has also foreclosed Randles's de minimis or malicious prosecution claim against Sheriff Edmonds. Dunn v. Tennessee, 697 F.2d 121, 126 (6th Cir.1982), cert. denied, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983). In addition, since Randles admitted that he invited the deputy sheriffs onto his land, as a matter of law no claim of an illegal search or an illegal arrest could flow from their entry onto his land. Payton v. New York, 445 U.S. 573, 576, 100 S.Ct. 1371, 1374-75, 63 L.Ed.2d 639 (1980).
 
 
 10
 Finally, Randles had admitted that his only injury from the seizure of his rifle was an aggravation of a preexisting bursitic condition, which subsided and disappeared with the advent of warm weather. He also admitted that the seizure was "effected by and with expertise." Deputy Sheriff Brooks stated in his affidavit that Randles was disarmed only after he had been asked to relinquish the rifle and had refused. Because only modest force had been exerted by the deputies, which was objectively reasonable, Randles's claim for infringement of his Fourth Amendment rights by the use of excessive force is without support. Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 1873, 104 L.Ed.2d 443 (1989). See also McDowell v. Rogers, 863 F.2d 1302, 1305-307 (6th Cir.1988). Since, as a matter of law, Deputy Sheriff Brooks did not violate Randles's Fourth Amendment rights, Sheriff Edmonds could not have acquiesced in any act that violated Randles's constitutional rights.
 
 
 11
 Randles has continued to press on appeal a citizen's constitutional right to bear arms on his own property to protect his livestock from marauding foxes. Although this court is sympathetic to Randles's indignation and the conscientious effort that he has demonstrated in the pursuit of his constitutional rights, this court is, unfortunately, without jurisdiction to review the exercise of "judgment" that prompted the deputy sheriffs to stalk and cite this elderly gentleman for attempting to rid his property of varmints that were killing his fowl, the "tenacity" of the prosecutor, who, after successive efforts, finally drafted a criminal offense to invoke against this senior citizen, and the court's "judicious" consideration and disposition of the charged "criminal activity" of this golden age farmer.
 
 
 12
 Finally, Randles's charges against Prosecutor Gregart arising from a de minimis prosecution are barred by the prosecutor's absolute immunity in bringing the state court action against Randles. Imbler v. Pachtman, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976); Joseph v. Patterson, 795 F.2d 549, 552-55 (6th Cir.1986), cert. denied, 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987). Since this charge was dismissed pursuant to the defendants' Fed.R.Civ.P. 12(b)(6) motion in his initial action, the district court in the second action properly dismissed it as res judicata. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981); Guzowski v. Hartman, 849 F.2d 252, 255 (6th Cir.1988). Similarly, the assertions brought against Deputy Sheriff Edmonds and Sheriff Brooks in the second complaint were identical to those litigated in the first complaint, which had been denied on summary judgment. Thus, those charges were also properly dismissed as res judicata in the second case.
 
 
 13
 Although neither Judge Kenneth E. Long nor Deputy Sheriff William Timmerman had been named in the first complaint, the district court was well within its discretion in dismissing these actions pursuant to the doctrine of nonmutual claim or issue preclusion. United States v. Mendoza, 464 U.S. 154, 158-59, 104 S.Ct. 568, 571, 78 L.Ed.2d 379 (1984); Parkland Hosiery Co. v. Shore, 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979). See, e.g., Hazzard v. Weinberger, 382 F.Supp. 225, 226-29 (S.D.N.Y.1974), aff'd, 519 F.2d 1397 (2d Cir.1975) (nonmutual claim preclusion appropriate when pro se litigant brings repeated actions upon same operative facts with slight change in legal theories and "cast of characters-defendants"). Judge Kenneth E. Long is protected by absolute immunity from liability for his challenged actions in presiding over Randles's trial. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).
 
 
 14
 The district court properly granted the defendants' Fed.R.Civ.P. 12(b)(6) motion dismissing the claims against the Eighth District Court and Prosecutor Gregart. In addition, the district court also properly granted summary judgment to the remaining defendants since there was no material issue of fact that would give rise to a Fourth Amendment constitutional infringement. Finally, the district court properly dismissed the second complaint on grounds of res judicata. Thus, the final judgments appealed in this consolidated appeal are AFFIRMED in their entirety.