38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Christopher L. BERRY, Plaintiff-Appellant,
v.
Gary J. ALLEN, Defendant-Appellee.
 No. 94-1102.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1994.
 
 1
 On Appeal from the United States District Court for the Western District of Michigan, No. 93-10307; James P. Churchill, District Judge.
 
 
 2
 E.D.Mich.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: JONES, SILER and GODBOLD,* Circuit Judges.
 
 ORDER
 
 5
 Christopher L. Berry, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Seeking monetary relief, Berry sued a state court judge for the 80th District Court of the State of Michigan. He did not specify the capacity in which he sued the defendant. Berry alleged that the defendant denied him the right to represent himself and ordered him to pay attorney fees for court-appointed counsel.
 
 
 7
 After reviewing the defendant's motion to dismiss and plaintiff's response, the district court concluded that the defendant was entitled to absolute immunity and dismissed the case. Berry has filed a timely appeal, reasserting his same claims.
 
 
 8
 Upon review, we affirm the district court's judgment. Even if we accept Berry's allegations as true, Berry undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). First of all, as the plaintiff has sued a state defendant for monetary damages, without specifying the capacity in which he sued the defendant, the defendant is construed to be sued in his official capacity, and thus, he is not subject to suit for monetary damages. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). In addition, the actions complained of constitute judicial acts, performed by the defendant in his judicial capacity, entitling him to absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Randles v. Gregart, 965 F.2d 90, 93 (6th Cir.1992) (per curiam); see also Mireles v. Waco, 112 S.Ct. 286, 288-89 (1991) (per curiam).
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation