42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher L. BERRY, Plaintiff-Appellant,
v.
Peter D. O'CONNELL, Defendant-Appellee.
 No. 94-1545.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1994.
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges, and EDGAR, District Judge.*
 
 
 2
 Christopher L. Berry, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Berry was charged with contributing to the delinquency of a minor in a Michigan state court which was assigned to the defendant, Judge Peter O'Connell, a Michigan state court judge. Apparently, at a December 20, 1993, hearing regarding this charge against Berry, he requested that he represent himself. The defendant nonetheless assigned Berry an attorney and ordered the attorney to remain in the courtroom during the proceedings to answer any questions Berry may have had. The charge against Berry was dismissed on January 20, 1994.
 
 
 4
 Seeking monetary relief, Berry then brought a Sec. 1983 lawsuit against the defendant alleging that he violated Berry's Sixth Amendment right to represent himself. Berry did not state the capacity in which he was suing defendant O'Connell. The district court found that the defendant was entitled to absolute immunity and dismissed the case. On appeal, Berry's pro se brief is construed as arguing those claims which he raised in the district court.
 
 
 5
 Upon de novo review, we affirm the district court's judgment because the plaintiff can undoubtedly prove no set of facts that would entitle him to relief. Fed.R.Civ.P. 12(b)(6); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993). First, we note that Berry did not state the capacity in which he was suing defendant O'Connell. Consequently, O'Connell is considered as sued in his official capacity, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989), and he is therefore not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). In addition, the actions complained of constitute judicial acts performed by the defendant in his judicial capacity, and he is therefore entitled to absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Randles v. Gregart, 965 F.2d 90, 93 (6th Cir.1992) (per curiam); see also Mireles v. Waco, 112 S.Ct. 286, 288-89 (1991) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allen Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation