68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry McKEE, Plaintiff-Appellant,
v.
FAYETTE CIRCUIT COURT; David L. Van Horn, Defendants-Appellees.
 No. 95-5011.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges, and MORTON, District Judge.*
 
 ORDER
 
 2
 Larry McKee, a pro se Kentucky resident, appeals a district court judgment dismissing his civil rights action filed pursuant to Title VII, 42 U.S.C. Secs. 1983 and 1985, and Kentucky Rev.Stat. Sec. 446.070. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 McKee's lawsuit stems from a legal malpractice action he filed against his former attorney, David Van Horn, in the Fayette (Kentucky) Circuit Court, Case No. 91-CI-1853. Fayette Circuit Court Judge Charles M. Tackett took the above-mentioned action under advisement to consider Van Horn's renewed motion for summary judgment. On September 22, 1993, Judge Overstreet entered an opinion granting Van Horn's summary judgment motion in that lawsuit. In his complaint, McKee alleged that these two judges of the Fayette Circuit Court and defendant Van Horn conspired to violate his constitutional rights. McKee sought $2,000,000 in punitive and "vindictive" damages and a public apology.
 
 
 4
 The defendants each filed a motion to dismiss which a magistrate judge recommended granting. McKee filed very general objections to the magistrate judge's report. Upon de novo review in light of McKee's objections, the district court accepted the magistrate judge's report and recommendation and dismissed the case.
 
 
 5
 On appeal, McKee's pro se brief is construed as arguing those claims which he raised in the district court. He requests the appointment of counsel. For the first time on appeal, McKee attempts to raise a "nullification" issue although it is difficult to determine the exact nature of this claim from his brief.
 
 
 6
 Initially, we note that we will not consider McKee's nullification argument raised for the first time on appeal because he did not properly raise this argument before the district court. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 In addition, McKee has waived appellate review of his other claims by failing to file specific objections to the magistrate judge's report. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991). In his objections, McKee only argues that the magistrate judge's report is "clearly erroneous" and "contrary to law." McKee did not make any specific argument in his objections to the magistrate judge's report concerning his claims of racial discrimination, equal protection violations, conspiracy or obstruction of justice. Therefore, he has waived appellate review of these claims on appeal.
 
 
 8
 Even if McKee has not waived appellate review of his claims, he is still not entitled to relief. The district court properly dismissed McKee's lawsuit pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim because, even when the factual allegations in the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against the defendants. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 9
 With respect to defendant Van Horn, a private citizen, there is nothing in the record to show that Van Horn was acting under color of state law when he represented McKee, a fact which is required in order to state a viable Sec. 1983 claim. See Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978). McKee's conspiracy claim fails because he has not provided any evidence of a conspiratorial plan or that the defendants shared a general conspiratorial objective. Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir.1985).
 
 
 10
 With respect to the defendant Fayette Circuit Court and its two judges, both acts which McKee complains about were judicial acts performed by Judge Tackett and Judge Overstreet in their capacity as judges with that court. Thus, these two judges are entitled to judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Randles v. Gregart, 965 F.2d 90, 93 (6th Cir.1992) (per curiam). Dismissal was proper as to defendant Fayette Circuit Court because, unless expressly waived, a state, its agencies and state officials sued in their official capacity are immune from an action under the Eleventh Amendment, and the Fayette Circuit Court did not waive its right to be sued in this case. See Welch v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468, 472-73 (1987).
 
 
 11
 Accordingly, we deny McKee's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee, sitting by designation