Rockingham
No. 80-387

EUGENE N. SHORT & a.

v.

TOWN OF RYE & a.

May 11, 1981

*Boynton, Waldron, Dill, Aeschliman, Doleac & Woodman*, of Portsmouth (*Wyman P. Boynton* on the brief), by brief for the plaintiffs.

*Tetler & Holmes*, of Hampton (*Gary W. Holmes* on the brief), by brief for the Town of Rye.

*Griffin, Harrington, Brigham, Ritzo, Scott & Swenson P.A.*, of Portsmouth (*Charles A. Griffin* on the brief), by brief for the individual defendants, Doris M. Moody, Joseph R. Pirkl and Mary C. Pirkl.

PER CURIAM. This case involves a petition for declaratory judgment, seeking a determination that a certain way has been dedicated as a public street. The issue on appeal is whether the trial court was correct in dismissing the petition on the ground that it presented an issue which should have been raised as an appeal from a decision of the Rye Planning Board disapproving the plaintiffs' subdivision plan because the board was uncertain whether the road in question was a public way which could be used as an access road to the subdivision. We reverse.

The plaintiffs are owners of certain land in Rye adjacent to the land of the defendant Doris Moody. In 1979, the plaintiffs applied to the Rye Planning Board for preapplication review of a proposed subdivision. They submitted a subdivision plan showing as an access road a certain way called Mountain View Terrace which is shown on certain plans and mentioned as a bound in certain conveyances, the details of which are irrelevant to the limited issue before us. The planning board considered the basic problem to be whether Mountain View Terrace was a public way which extended to the plaintiffs' property so as to be a proper access road for the subdivision. The board recognized that this was a legal question which should be decided by some other method, and it disapproved the subdivision plan because of the dispute over the legal status of the road.

The plaintiffs did not appeal the board's decision but instead brought a petition for declaratory judgment against the Town of Rye and the owners of various parcels of land over which the alleged public street runs, seeking to have the road determined to be a public way so as to satisfy the planning board's requirement that the plaintiffs establish the existence of an access road to their property. *Temple*, J., dismissed the petition on the defendants' motion, and the plaintiffs appealed.

 Whether Mountain View Terrace has been dedicated as a public road and whether the plaintiffs have a right to use the disputed portion of Mountain View Terrace is a matter between them and the private persons claiming the ownership of the land over which that way runs. The answer to this question depends upon the application of certain rules of law to the particular facts of this case. This is a judicial function and does not involve a matter which falls within the jurisdiction of the planning board. The minutes of the board indicate that the board recognized this fact and, consequently, did not purport to rule on the question. The determination of the legal status of the road was not a matter upon which the board need be given an opportunity to act, and the

plaintiffs did not waive their right to have the issue judicially determined because of their failure to appeal the decision of the planning board. *See Metzger v. Brentwood,* 115 N.H. 287, 290–91, 343 A.2d 24, 26–27 (1975). The dismissal of the plaintiffs' petition was therefore improper.

*Reversed and remanded.*