Rockingham
No. 80-361

## J.E.D. ASSOCIATES, INC.

v.

## TOWN OF ATKINSON

June 26, 1981

*Decker, Fitzgerald & Sessler*, of Laconia (*David R. Decker* on the brief and orally), for the plaintiff.

*Sumner F. Kalman*, of Plaistow, by brief and orally, for the defendant.

GRIMES, C.J. The issues in this appeal are whether section IV, paragraph H of the Atkinson zoning ordinance (regulation H), which requires every subdeveloper to deed to the town seven and one-half percent of the total acreage of its proposed subdivision as a condition of subdivision approval, is constitutional and whether the Atkinson Planning Board's requirement that the plaintiff subdeveloper bear the cost of removing a sight-obstructing off-site ledge is reasonable.

The plaintiff is the owner of a 22.64-acre tract of land in Atkinson. It filed an application for subdivision approval with the town planning board. Under the town's zoning ordinance, the minimum lot size at the time was one acre, but larger lots could be required if soil conditions so dictated. The subdivision plan called for eleven lots.

Regulation H requires all developers to dedicate, and deed to the town, land of a character suitable for playgrounds or other town use equalling approximately seven and one-half percent of the subdivision's total acreage. While the planning board was considering the plaintiff's subdivision plan, the town selected lot No. 1 as representing the required seven and one-half percent. The plaintiff raised questions about the need for such a dedication and the constitutionality of the requirement. The plaintiff indicated that it would be willing to donate the land voluntarily if it was assured that it would be used for a desirable purpose. At the insistence of the board, however, the plaintiff deeded lot No. 1 to the town, but in the letter of transmittal accompanying the deed the plaintiff stated that it intended "to challenge in court the validity of the ordinance requiring a seven-and-one-half per cent land cession."

The plaintiff had also, voluntarily, deeded a strip of land to the town for the purpose of widening the road which runs past the subdivision, Conley Grove Road. This conveyance reduced the subdivision by two and one-half percent of the total area. The board also required the plaintiff to bear the cost of removing a ledge which caused a sight obstruction to travelers on the road, because it claimed that traffic would be increased by the subdivision. The subsequent construction of a new highway by the State, however, has diverted traffic from the area in which the ledge is located, and the plaintiff claims that there is now less traffic on this highway than before the subdivision existed. In order to obtain subdivision approval, the plaintiff posted a $1,400 cash bond to insure removal of the ledge.

The planning board approved the subdivision plan, and the plaintiff sold nine of the lots. Construction had begun on at least eight of the lots when the plaintiff brought an action in the superior court seeking to have regulation H declared unconstitutional and to have it determined that the removal of the ledge was not necessitated by the subdivision. The Trial Court (*Contas,* J.) granted the defendant's motion to dismiss, apparently on the ground that the failure of the plaintiff to appeal the board's ruling, coupled with laches, barred the present action. We reverse.

■ Although the plaintiff did not follow the statutory route of appeal, *see* RSA 36:34 (Supp. 1979), this does not bar our consideration of its claims. The claim that regulation H is invalid is a constitutional one. *See Robbins Auto Parts, Inc. v. City of Laconia,* 117 N.H. 235, 236–37, 371 A.2d 1167, 1168–69 (1977). It is not a claim that falls within the jurisdiction of the planning board but is a purely legal one that need not be pursued by way of appeal. *Short*

*v. Town of Rye*, 121 N.H. 415, 416–17, 430 A.2d 183, 184–85 (1981). The claim regarding the removal of the ledge also has a constitutional basis. *See Land/Vest Props., Inc. v. Town of Plainfield*, 117 N.H. 817, 822–23, 379 A.2d 200, 204 (1977).

■ Nor is the plaintiff's suit barred under the doctrine of laches. The plaintiff contested the constitutionality of regulation H long before final approval of the subdivision plan, and in the letter that accompanied the deed of the land in question the plaintiff stated its belief that the regulation was unconstitutional and that it intended "to challenge in court the validity of that part of the ordinance requiring a seven-and-one-half per cent land cession." There is no way that the defendant could have been misled in approving the subdivision plan. Nor is there any other basis for disapproving the plan, which satisfied all other valid planning board requirements. In short, the plaintiff's action should not have been dismissed.

■ We need not remand the issue regarding the constitutionality of regulation H because there are no factual issues involved that we cannot resolve. Regulation H requires the dedication of seven and one-half percent of the total land comprising the subdivision without any consideration of the town's need for the land. Moreover, there is evidence, that was improperly excluded, which indicates that some developers would be permitted to pay the town the value of the land in lieu of its dedication. This appears to us to be an out-and-out plan of extortion whereby developers are required to pay for the privilege of using their land for valid and reasonable purposes even though it satisfies all other requirements of the town's zoning and subdivision regulations.

We thought that we had made it clear in *Robbins Auto Parts, Inc. v. City of Laconia*, 117 N.H. 235, 371 A.2d 1167 (1977), that this type of exaction violated one of the most basic principles of our State constitution. Private property enjoys a special protection under the Bill of Rights of our State constitution, N.H. CONST. pt. 1, arts. 2 & 12. *See Land/Vest Props., Inc. v. Town of Plainfield*, 117 N.H. at 822–23, 379 A.2d at 204; *Metzger v. Town of Brentwood*, 117 N.H. 497, 502, 374 A.2d 954, 957 (1977); *Robbins Auto Parts, Inc. v. City of Laconia, supra* at 237, 371 A.2d at 1169. Municipal officials having authority to adopt ordinances and regulations have a constitutional duty to observe these protections. They may not attempt to extort from a citizen a surrender of his right to just compensation for any part of his property that is taken from him for public use as a price for permission to exercise

his right to put his property to whatever legitimate use he desires subject only to *reasonable* regulation. *Robbins Auto Parts, Inc. v. City of Laconia, supra* at 237, 371 A.2d at 1169. In this case, the plaintiff complied with all reasonable regulations.

■■ The defendant's reliance on *Patenaude v. Town of Meredith*, 118 N.H. 616, 392 A.2d 582 (1978), is misplaced. In *Patenaude*, we upheld a planning board requirement that certain areas in the plaintiff's subdivision be left as unimproved open space. In that case, however, the requirement was based on a specific need related to the nature of that develoment and, unlike the regulation now before us, was not an arbitrary blanket requirement. *Id.* at 622–23, 392 A.2d at 586. *See* RSA 36:21 (Supp. 1979). In sum, we hold that regulation H is unconstitutional and order the town to reconvey lot No. 1 to the plaintiff.

■ As to the second issue raised by the plaintiff, we are unable to determine on the record before us whether there is now more traffic on Conley Grove Road than before the subdivision existed, or whether the new Route 111 has so diverted traffic that the use of Conley Grove Road is less than it was before the plaintiff's subdivision. Unless the traffic has increased as the result of the subdivision, it is not constitutionally permissible for the town to require the plaintiff to bear any part of the cost of removing the ledge. *Land/Vest Props., Inc. v. Town of Plainfield*, 117 N.H. at 823, 379 A.2d at 204. If traffic now is greater than before because of the subdivision, then the plaintiff can be required to contribute to the cost of removing the ledge, but only in the proportion that the increased use of the road attributable to the plaintiff's subdivision bears to the road's total use. *Id.* The matter is remanded to the trial court for a determination of this issue.

We caution cities and towns and their zoning and planning boards that this case, along with the cases cited, should provide them with sufficient guidelines to avoid unconstitutional exactions and requirements in the future and to modify their zoning ordinances and regulations accordingly.

*Reversed and remanded.*

DOUGLAS, J., did not sit; the others concurred.