Cheshire
No. 87-192

SARA SHEPHERD

v.

TOWN OF WESTMORELAND

June 8, 1988

*Buckley and Zopf*, of Claremont (*Michael A. Fuerst* on the brief and orally), for the plaintiff.

*Bradley, Burnett & Kinyon P.A.*, of Keene (*Homer S. Bradley, Jr.*, on the brief and orally), for the defendant.

BROCK, C.J. The plaintiff, Sara Shepherd, appeals from the dismissal of her petition for declaratory judgment, claiming that the Trial Court (*Hollman*, J.) erred in applying the doctrine of res judicata to bar her petition. We affirm.

In July 1984, the plaintiff applied for a variance to build a home on a sub-standard lot she owns in the town of Westmoreland. Her 1.32-acre lot is located in an area zoned residential and does not meet either the lot size or frontage requirements of the town's zoning ordinance.

The Westmoreland Zoning Board of Adjustment (the board), concluding that the plaintiff's request for a variance was identical to one that she had sought unsuccessfully in 1981, declined to schedule a hearing and dismissed the application. The plaintiff subsequently appealed to the superior court, which upheld the board. The plaintiff did not appeal the ruling of the superior court.

In May 1985, the plaintiff filed a petition for declaratory judgment against the town, alleging that the zoning ordinance is unconstitutional as applied to her and that the denial of a variance amounted to an inverse condemnation of her land. The defendant responded by filing a motion for summary judgment and arguing that the doctrine of res judicata barred the plaintiff's action. In October 1985, the Superior Court (*Hollman*, J.) ruled that res judicata did not bar the action and scheduled the matter for trial.

During the trial, the court learned of our recent decision in *Eastern Marine Construction Corporation v. First Southern Leasing, Ltd.*, 129 N.H. 270, 525 A.2d 709 (1987), which analyzes this State's application of the doctrine of res judicata to particular facts and circumstances. Based on the holding in *Eastern Marine*, the trial court reconsidered and reversed its prior order, ruling that

the doctrine of res judicata did act to bar the plaintiff's current action. The plaintiff appeals that ruling to this court.

At issue on appeal is whether our holding in *Eastern Marine* bars the plaintiff's declaratory judgment action under the doctrine of res judicata. We hold that it does.

The parties do not dispute either the underlying facts or that this case turns on our application of *Eastern Marine* to their particular facts and circumstances. The plaintiff argues that her present petition for declaratory judgment recites a cause of action separate and distinct from that involved in the appeal of her 1984 variance request. The defendant argues that because the plaintiff had the opportunity, but failed, to litigate her constitutional and inverse condemnation claims on appeal of the board's 1984 denial of her variance request, she is precluded from raising these issues in her present petition.

 Our inquiry, when determining whether res judicata bars a subsequent action, is whether the second action constitutes a different cause of action from the first. *Eastern Marine Const. Corp.*, 129 N.H. at 274, 525 A.2d at 712. As we explicitly held in *Eastern Marine*, the term "'cause of action' means the right to recover, regardless of the theory of recovery. A theory of recovery must be pleaded, or be subject to bar." *Id.*; *see also* RESTATEMENT (SECOND) OF JUDGMENTS ch. 3 §§ 24, 25 (1980) (expounding upon the modern approach to res judicata). This bar is effective despite a plaintiff's intent in a subsequent action to argue alternative theories or to seek a remedy not previously requested. *Eastern Marine Const. Corp.*, 129 N.H. at 275, 525 A.2d at 712; RESTATEMENT (SECOND) OF JUDGMENTS ch. 3 § 25, at 209.

██ ██ In the present case, the constitutional and inverse condemnation claims raised by the plaintiff arise out of the same factual transaction as did her previous claim for a variance. Indeed, the only fact to be added here is that, having been denied a variance, the plaintiff now contends that that denial constitutes a taking of her property. We have consistently barred such claims when, as here, the subsequent action is so closely related to the earlier action. *Colebrook Water Co. v. Commissioner of Dep't. of Pub. Works*, 114 N.H. 392, 394, 324 A.2d 713, 715 (1974). The fact that the plaintiff attaches a new label to her cause of action is insufficient to remove the bar of the earlier adjudication against her. *Eastern Marine Const. Corp.*, 129 N.H. at 275, 525 A.2d at 713; *Lougee v. Beres*, 113 N.H. 712, 714, 313 A.2d 422, 423 (1973).

■ We do not mean to suggest, however, that the plaintiff is without recourse concerning proposals for the use of her land. It is the fact that she should have raised her constitutional and inverse condemnation claims in her 1984 appeal to the superior court that bars the present action. Should the plaintiff approach the board with different proposals for the use of her land or should there be a material change in circumstances affecting her application or a change in the zoning laws, the denial of her previous requests would not bar her subsequent application, and it would merit consideration by the board. *Fisher v. City of Dover*, 120 N.H. 187, 412 A.2d 1024 (1980) (zoning board may not lawfully consider subsequent variance petition absent material change in circumstances or material difference in requested use).

*Affirmed.*

All concurred.