Rockingham
No. 88-015

### Town of Auburn

### v.

### · Lucy E. McEvoy & a.

December 30, 1988

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Eugene M. Van Loan, III*, on the brief, and *Dean B. Eggert* orally), for the plaintiff.

*Casassa & Ryan*, of Hampton (*John J. Ryan* on the brief and orally), for the defendants, Lucy E. McEvoy and Sagharbor Development, Inc.

Souter, J. The defendants appeal from a declaratory judgment of the Superior Court (*R. Peter Shapiro*, Esq., Master; *Mangones*, J.) denying their entitlement to the return of a subdivision lot, conveyed to the plaintiff in 1979 to comply with an ordinance of the sort later held unconstitutional in *J.E.D. Associates, Inc. v. Town of Atkinson*, 121 N.H. 581, 432 A.2d 12 (1981). We affirm.

In March 1979, the defendant Lucy McEvoy applied to the planning board of the plaintiff town for approval to subdivide two lots from a tract of more than sixty acres. The town's subdivision

regulations in effect at the time required that "[i]n any subdivision containing ten acres or more whether undertaken at once or in several stages, at least five percent of the total area shall be dedicated to the Town for recreational purposes." There is no record that McEvoy raised any objection to this requirement before the planning board, although her son claims to recall an informal conversation in which he told one of the town's selectmen at the time that the dedication requirement was not "right." Rather, McEvoy proposed to satisfy the requirement by conveying a 3.3 acre lot to the town, and on June 13, 1979, a subdivision plan indicating this intent was approved. Thereafter, she neither appealed the order of approval, to the extent that it was conditioned on her proposed conveyance to the town, nor took action to protest the dedication requirement, with which she complied by conveying the lot to the town by a deed recorded on June 18. On June 28, McEvoy conveyed the undivided balance of the tract to her son, and the record before us suggests that their residual interests as developers, if indeed there were any, passed at some point to the defendant Sagharbor Development, Inc. (the corporation), which has been treated without objection as standing in McEvoy's shoes for purposes of this litigation. On May 14, 1980, the planning board approved a subdivision of the remaining undivided portion of the tract, and all lots had been sold to third parties by November 1, 1984.

In 1981, this court held in *J.E.D. Associates, Inc. v. Town of Atkinson supra* that a municipal regulation conditioning subdivision approval on conveyance to the town of a portion of the tract to be subdivided "without any consideration of the town's need for the land" was "an out-and-out plan of extortion" that violated part I, articles 2 and 12 of the State Constitution. *Id.* at 584, 432 A.2d at 14. The principals of the corporation involved in the instant case became aware of *J.E.D.* sometime in 1984 or 1985, and in the latter year requested the plaintiff to reconvey its lot to one or more of the defendants. Although the town had not developed the lot for any recreational use, and had no plans to do so, it refused the requested reconveyance and instead brought this declaratory judgment action under RSA 491:22 to determine the parties' respective rights.

Based on the master's recommendation, the superior court ruled against the defendants on the ground of laches. *See generally Jenot v. White Mt. Acceptance Corp.*, 124 N.H. 701, 710, 474 A.2d 1382, 1387 (1984) (defense of laches requires proof of unreasonable and prejudicial delay); *Wood v. General Elec. Co.*, 119 N.H. 285, 289,

402 A.2d 155, 157 (1979) (defense of laches requires proof of inequity of enforcing claim due to change in circumstances or relationships). The master concluded that changed circumstances would render any reconveyance inequitable, having found that the subdivision's residents were aware when they purchased their properties that the lot in question was meant to remain available for recreation, and had changed their positions expecting that the lot would remain commercially undeveloped.

The defendants devote their appeal to an attack on these findings, claiming the record is devoid of support for any inference that lot purchasers were aware of the dedication or would have any right to complain if the lot should be developed for a purpose other than recreation. The town responds with two points, contending, first, that the record supports the findings necessary to recognize the laches defense. More significantly, however, the town argues that the dispositive issue in the case is not the existence of laches, but the failure of the defendant McEvoy in 1979 to protest the dedication requirement and to appeal the planning board's order insofar as it was conditioned on the unconstitutional requirement to convey the lot. The town submits that the statutory provision of a period of thirty days from the filing of the planning board's decision in which to appeal that decision to the superior court, RSA 677:15, I (former RSA 36:34), must be interpreted to bar McEvoy, and any successor to her interest, from seeking a reconveyance based upon error in the 1979 order that McEvoy failed to appeal within the time allowed by statute. Subject to the qualifications expressed below, we accept this position in affirming the trial court's decision.

The immediate administrative implication of RSA 677:15, I, is not difficult to fathom. By providing that any appeal from a planning board's decision or order must be brought within the thirty-day period, the legislature obviously expressed an intent to endue such an order with finality, at least insofar as the order applies a town's land use regulations in the particular instance. Whether such an order should also be accorded the status of a judgment, with the preclusive scope provided by the doctrine of *res judicata*, is a question that has not been presented to us and on which we express no opinion. *See generally Eastern Marine Const. Corp v. First Southern Leasing*, 129 N.H. 270, 525 A.2d 709 (1987) (scope of "cause of action" subject to *res judicata*); *Appeal of Global Moving & Storage of N.H., Inc.*, 122 N.H. 784, 789, 451 A.2d 167, 171 (1982) (administrative determination may be granted preclusive effect of judgment); RESTATEMENT (SECOND) OF JUDGMENTS §

83 (1982). Suffice it to say here, however, that the statutory limitation on the availability of an appellate remedy will be rendered nugatory unless the failure to bring a timely appeal is held to bar a dissatisfied party from mounting a later attack on the order in question.

Because the defendants are raising just such a challenge to the provision of the 1979 order that conditioned subdivision approval on the conveyance to the town, the burden rests on them to explain how we could grant the relief they seek consistently with the appeal statute as we have explained it. For this purpose, they rely on language in the *J.E.D.* opinion itself indicating that constitutional challenges to planning board orders are exempt from the statutory strictures on the appellate process. The defendants have overlooked the fact, however, that significant erosion has already weakened this aspect of *J.E.D.*'s holding, which we are convinced should not be followed.

Like the present case, *J.E.D.* arose on a developer's petition for declaratory judgment protesting the requirement under which the developer had previously conveyed land to the town. This court rejected the town's argument that the plaintiff's failure to appeal the unconstitutional exaction within the time allowed by former RSA 36:34 barred it from seeking relief, on the following reasoning:

> "The claim that [the disputed planning board regulation] is invalid is a constitutional one. *See Robbins Auto Parts, Inc. v. City of Laconia*, 117 N.H. 235, 236–37, 371 A.2d 1167, 1168–69 (1977). It is not a claim that falls within the jurisdiction of the planning board but is a purely legal one that need not be pursued by way of appeal. *Short v. Town of Rye*, 121 N.H. 415, 416–17, 430 A.2d 183, 184–85 (1981)."

*J.E.D. Assoc's, Inc. v. Town of Atkinson*, 121 N.H. at 583–84, 432 A.2d at 14.

Although the breadth of this language has not been expressly challenged prior to this time, it was subjected to serious question by our recent decision in *Shepherd v. Town of Westmoreland*, 130 N.H. 542, 543 A.2d 922 (1988). We held in *Shepherd* that the judgment of the superior court in an appeal from a zoning board of adjustment bars a later declaratory judgment proceeding challenging the same action of the board that was the subject of the prior appeal, even when the declaratory judgment is sought on constitutional grounds not previously raised. *Id.* at 544–45, 543 A.2d at 923–24. The significance of *Shepherd*'s holding is not, however, confined to contests originating before boards of adjustment. The result would be the same in the case of an appeal from a planning

board and a later declaratory judgment petition with respect to the subject of the planning board's decision, since the applicable principles of *res judicata* would obviously be the same, and the statutory schemes of appeal from actions by zoning boards of adjustment and planning boards are virtually identical. *Compare* RSA 677:4 *and* RSA 677:15, I.

It follows from *Shepherd*, then, that a constitutional challenge to planning board action does not enjoy sufficiently favored procedural status to survive an appeal in which it is not raised, which is enough to prompt the question why such a potential challenge should survive a failure to appeal at all, given the statutory policy favoring finality in a planning board order. An examination of the pertinent reasoning in *J.E.D.* and some of its antecedents reveals no satisfactory answer to the question.

It will be recalled that in the portion of the *J.E.D.* opinion quoted above, the court cited *Short v. Town of Rye*, 121 N.H. 415, 430 A.2d 183, for the proposition that a constitutional challenge to a planning board's order survives a failure to appeal. A reading of *Short*, however, reveals less authority than its citation implied. In *Short*, a planning board had disapproved a subdivision plan because of a dispute over the legal status of the road to the proposed subdivision. The board had made no ruling on the status of the road, which the board viewed as a legal issue to be resolved elsewhere, and its disapproval of the subdivision was not a portent of unfavorable action if the developer should reapply after a favorable resolution of the road controversy. This court held *per curiam* that declaratory judgment, as a method to litigate the status of the road, was not barred by the developer's failure to appeal from the planning board's disapproval of the subdivision based on its refusal to determine the road's status. But *Short* cannot be read as authority for the view that a constitutional objection to the enforcement of a subdivision regulation is not subject to the requirement of RSA 677:15, I, that appeals from a planning board's decision may not be brought after thirty days. Nor does *Short* support the proposition that such an objection survives a failure to appeal.

Indeed, prior to *J.E.D.*, the only arguable ground for excusing a failure to litigate in accordance with the requirements of the appeal statute was illustrated by the facts in *Robbins Auto Parts, Inc. v. City of Laconia*, 117 N.H. 235, 371 A.2d 1167. In *Robbins*, the plaintiff had protested the planning board's approval of a site plan conditioned on the plaintiff's conveyance of a highway easement unrelated to the plaintiff's proposed use of its property. Although the plaintiff deeded the easement and took no statutory

appeal under RSA 36:34, the parties had agreed that the plaintiff could thereafter contest the demand for the easement, as it did by bringing a declaratory judgment action. *Id.* at 235, 371 A.2d at 1168. The city kept its agreement and raised no objection based on the plaintiff's failure to appeal directly under the statute.

A variant on the *Robbins* practice of agreeing to waive the bar imposed by the statutory appeal limitation may be seen to have occurred between the parties in *J.E.D.* itself, where the developer contested the disputed regulation before the planning board and accompanied its deed of land to the town with a letter stating its intention to litigate the dispute in the superior court. *J.E.D.*, 121 N.H. at 584, 432 A.2d at 14. This court viewed the act of delivering the deed under protest as significant in putting the town on notice of the developer's intent to mount a collateral challenge to the requirement, holding that the town could not have been "misled in approving the subdivision plan." *Id.* Thus, *J.E.D.* may be understood as resting on the town's acquiescence in the developer's conveyance under protest subject to a reserved right to litigate the protest thereafter, a line of reasoning that would have been sufficient to explain why the mandate of the appeal statute was not held to preclude the later declaratory judgment action, at least as against a non-jurisdictional objection by the town.

■ We may concede, therefore, that *J.E.D.* was correctly decided, without accepting its unqualified language that a constitutional objection to a property disposition required by planning board regulation need not be litigated by appeal brought within the period limited by RSA 677:15, I (formerly RSA 36:34). Such a broad rule would be justifiable only if the appeal period of RSA 677:15, I, imposed an unreasonable restriction on the assertion of constitutional property rights, whereas the defendants have proffered no reason to suppose that this is so. To the extent, then, that *J.E.D. Associates, Inc. v. Town of Atkinson* may be read to exempt constitutional property claims from the demands of the appellate process as limited by RSA 677:15, I, it is overruled.

■■ In the absence of an agreement, as in *Robbins*, or acquiescence, as in *J.E.D.*, a party who desires relief from a planning board's application of a disputed regulation is bound to appeal within the time provided by RSA 677:15, I. The failure of the defendant McEvoy to do so in 1979 bars the defendants' present assertion of property rights contrary to the terms of the planning board's 1979 order.

*Affirmed.*

*All concurred.*