Homo v. Henniker, et al                    CV-94-387-SD  07/06/95

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Lawrence R. Homo, Sr.


     v.                                      Civil No. 94-387-SD


Town of Henniker;
William Belanger;
Wayne Colby;
Henniker Police Dept.;
Chief Timothy Russell;
Police Officer Walter Crane



                            O R D E R


     In this civil action, pro se plaintiff Lawrence R. Homo,

Sr., alleges that the Town of Henniker and its selectmen (William

Belanger is a current selectman; Wayne Colby is a former

selectman), police department, and police officers conspired to

deprive him of certain rights secured by the First, Fourth, and

Fourteenth Amendments to the United States Constitution.

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and

1985.

     Presently before the court is defendants' motion for

judgment on the pleadings, to which plaintiff objects.

## Factual Background

At the core of this dispute between a town and one of its residents is a change in zoning and the town's subsequent efforts to enforce said change.[1] On October 21, 1992, the town, by and through its agents, sought to remove automobiles and other metal from plaintiff's property pursuant to a court order "to enter the premises peaceably." Aug. 9, 1991, Order, Civil No. 90-E-132 (Dunn, J.) (attached to Complaint). Plaintiff attempted to impede the process, but was thereafter arrested and charged with obstructing government administration contrary to New Hampshire Revised Statutes Annotated (RSA) 642:1 (1986).[2]

---

[1] In its first action, filed in Merrimack County Superior Court, Civ. No. 87-E-188, the town sought to enjoin plaintiff from continuing to operate a junkyard on his property. Said injunction issued on December 30, 1988, was affirmed by the New Hampshire Supreme Court on August 14, 1992, and became final on October 5, 1992, when plaintiff's motion for reconsideration was denied.

On March 9, 1990, the town filed a new petition in the same court, Civ. No. 90-E-132, seeking permission to begin removing the junk from plaintiff's land. Justice Dunn granted the town's motion "to enter the premises peaceably" on August 9, 1991. Plaintiff sought to appeal this order on October 7, 1991, but the notice of appeal was declined by the New Hampshire Supreme Court on October 27, 1992.

[2] Upon trial on the merits, Justice Arnold found that "upon filing the [Oct. 7, 1991] Notice of Appeal, the defendant[] had an expectation that the status quo would be maintained during the pendency of the appeal." State v. Homo, No. 92-CR-2767, at 1-2 (Dist. Ct. Henniker Jan. 20, 1993). Although noting that "[i]f the Notice of Appeal were not pending at the time of the Town's actions herein, the court may have ruled differently," id. at 2,

2

Plaintiff filed suit[3] against the town and others[4] in Merrimack County Superior Court on February 28, 1994. This action, assigned Civ. No. 94-C-130-WS, was styled as "a civil action for monetary damages against the [defendants] . . . for their actions in concert, under color and pretense of New Hampshire State Law, intended to deprive and actually depriving plaintiff[s] of their rights to the use of their real estate . . . ." Feb. 28, 1994, Complaint ¶ 1. By prohibiting the operation of plaintiff's junkyard, plaintiff alleges that the town (1) effected a "taking" without payment of just compensation; (2) intentionally discriminated against plaintiff and deprived him of equal protection and due process; (3) engaged in a pattern of malicious prosecution; and (4) unlawfully seized plaintiff's property.

Defendants moved for dismissal in the state court, which granted same "in its entirety." May 10, 1994, Order, Civil No.

the court ultimately found plaintiff to be not guilty.

[3]Plaintiff was joined in the state court action by his wife, Katheren I. Homo, and son, Lawrence R. Homo, Jr. Neither party joins in the instant action.

[4]In addition to the Town of Henniker, the following were also named as defendants: Wayne Colby and William Belanger, Henniker Selectmen; Ed Wojnowski, Henniker Town Administrator; Henniker Police Officer Walter Crane; Kenneth Ward; Lois Brown; David P. Currier; John Dopergolon and Jeffrey Fielding, John's Wrecker Service; and Meriden Timber Company. All individual defendants were sued in their individual capacities.

94-C-130-WS (Smukler, J.). Plaintiff's notice of appeal to the New Hampshire Supreme Court was declined on November 14, 1994, and the subsequent motion to reconsider was denied on January 19, 1995.

With the May 10, 1994, dismissal of the state court action, plaintiff sought a federal forum for resolution of his claims. On July 20, 1994, plaintiff filed a 42 U.S.C. § 1983 complaint focusing upon his October 21, 1992, arrest. Simply put, plaintiff alleges violations of due process and equal protection, race discrimination, warrantless arrest and seizure, and conspiracy to deprive plaintiff of certain guaranteed rights.[5]

## Discussion

### 1. Judgment on the Pleadings Standard

Under Rule 12(c), Fed. R. Civ. P., "[a]fter the pleadings

---

[5]Plaintiff's complaint in this matter specifically alleges, inter alia, that "[e]ach of the [individual] defendants, separately and in concert, acted outside the scope of his jurisdiction and without authorization of law [and each of the [individual] defendants], separately with the specific intent] to deprive plaintiff by subjecting the plaintiff to an unlawful arrest, illegal detention and by the invasion of his privacy liability, freedom, seizure of his person without an arrest warrant or warrant for a seizure of plaintiff or a warrant issued by any judge, court, or magistrate authorizing such a seizure." Complaint ¶ 28 (bracketed material in complaint). Plaintiff amended his complaint on August 17, 1994, to add an additional claim under New Hampshire common law for false arrest and malicious prosecution.

4

are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule 12(b)(6) motion."  Metromedia Steakhouses Co., L.P. v. Resco Management, 168 B.R. 483, 485 (D.N.H. 1994) (citation omitted).  "In reviewing the defendants' motion for judgment on the pleadings . . . the court must accept all of the factual averments contained in the complaint as true and draw every reasonable inference helpful to the plaintiff's cause."  Sinclair v. Brill, 815 F. Supp. 44, 46 (D.N.H. 1993) (citing Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991)); see also Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true and draw all reasonable inferences in his favor" (citations omitted)).

Even then, judgment may not be entered on the pleadings "'"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief."'"  Rivera-Gomez, supra, 843 F.2d at 635 (quoting George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete

5

Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))).

Ordinarily "'any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the [Rule 12(c)] proceeding is properly converted into one for summary judgment under [Fed. R. Civ. P.] 56.'" Cooperativa de Ahorro Y Credito Aguada v. Kidder, Peabody & Co., 993 F.2d 269, 272 (1st Cir. 1993) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)), cert. denied, ___ U.S. ___, 115 S. Ct. 1792 (1995) (second alteration in Kidder); see also Rule 12(b), Fed. R. Civ. P. (when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"); 2A James Wm. Moore, Moore's Federal Practice ¶ 12.15, at 12-145, 146 (1995) ("Under [Rule 12(c)], it is clear that the court may, if it so chooses, consider matters outside the pleadings as if the motion were one for summary judgment. When the court proceeds in this manner, it must give the nonmoving party notice and a reasonable opportunity to present material in opposition to the motion."); accord Dempsey v. Atchison, Topeka, and Santa Fe. Ry. Co., 16 F.3d 832, 835 (7th

6

Cir.), cert. denied, ___ U.S. ___, 115 S. Ct. 82 (1994).

"However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson, supra, 987 F.2d at 3 (citing, inter alia, Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) ("[A] court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12[(c)] motion to one for summary judgment.")). The rationale for such narrow exceptions is that

> the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason--requiring notice so that the party against whom the motion to dismiss is made may respond--that Rule 12[(c)] motions are ordinarily converted into summary judgment motions. Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12[(c)] motion into one under Rule 56 is largely dissipated.

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, ___ U.S. ___, 112 S. Ct. 1561 (1992).

Attached to defendants' motion are the writ of summons in Homo v. Henniker, Civ. No. 94-C-130-WS; the May 10, 1994, Notice of Decision granting defendants' motion to dismiss in that

7

matter; the November 14, 1994, order of the New Hampshire Supreme Court declining plaintiff's notice of appeal; and the January 19, 1995, order of the Supreme Court denying plaintiff's motion to reconsider.

As the above enumerated documents are both referenced in plaintiff's federal court complaint and contain information of which plaintiff has actual knowledge, the court finds that conversion of this Rule 12(c) motion into one for summary judgment is unnecessary.

## 2. Res Judicata

Defendants contend, under the principles of res judicata, that plaintiff's present action is precluded by the dismissal of his February 28, 1994, state court action. Although plaintiff's pro se status requires the court to hold the complaint to a "less stringent" standard than pleadings drafted by attorneys, Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988) (per curiam) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)), such status, standing alone, cannot and will not operate to prevent the application of res judicata when so warranted. See, e.g., Posadas de Puerto Rico, Inc. v. Radin, 856 F.2d 399, 401 (1st Cir. 1988) (affirming summary judgment dismissal).

8

<u>a. Effect of State Court Judgment in Subsequent Federal Suit</u>

By virtue of the federal full faith and credit statute, 28 U.S.C. § 1738,[6] federal courts are required "to employ state rules of *res judicata* when determining the preclusive effect, if any, to be given to a state court determination." <u>Kerouac v. FDIC</u>, 825 F. Supp. 438, 441 (D.N.H. 1993); <u>see also</u> <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984); <u>Kremer v. Chemical Constr. Corp.</u>, 456 U.S. 461, 466 (1982); <u>Wong v. Smith</u>, 961 F.2d 1018, 1019 (1st Cir. 1992) (per curiam). With two exceptions not presently applicable, the general rule maintains that "[a] valid and final judgment of a state court has the same effects under the rules of res judicata in a subsequent action in a federal court that the judgment has by the law of the state in which the judgment was rendered . . . ." Restatement (Second) of Judgments § 86 (1982).

That plaintiff's subsequent federal lawsuit is styled as a civil rights action under 42 U.S.C. § 1983 is insufficient to prevent the application of state-law principles of res judicata. See <u>Migra</u>, <u>supra</u>, 465 U.S. at 85 ("Section 1983 . . . does not

_____

[6]The full faith and credit statute provides, in relevant part, "The records and judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . ." 28 U.S.C. § 1738 (1994).

override state preclusion law and guarantee petitioner a right to proceed to judgment in state court . . . on state claims and then turn to federal court for adjudication of . . . federal claims."); Cuesnongle v. Ramos, 835 F.2d 1486, 1497 n.8 (1st Cir. 1987) ("where a plaintiff neglects to raise a federal claim in a state court action, that plaintiff is estopped from raising the federal claim in federal court subsequent to a state court judgment") (construing Migra).

### b. Res Judicata Principles under New Hampshire Law

"Under New Hampshire law, '[t]he doctrine of res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action.'" Blevens v. Town of Bow, ___ F. Supp. ___, ___, No. 94-124-SD, slip op. at 6-7 (D.N.H. Oct. 12, 1994) (quoting In re Alfred P., 126 N.H. 628, 629, 495 A.2d 1264, 1265 (1985) and citing Scheele v. Village Dist. of Eidelweiss, 122 N.H. 1015, 1019, 453 A.2d 1281, 1283 (1982)). Accord, Wolf v. Gruntal & Co., 45 F.3d 524, 527 (1st Cir. 1995) ("res judicata (claim preclusion) normally bars (i) relitigation of claims actually asserted in a tribunal of competent jurisdiction . . . and (ii) litigation of claims that arose from the same set of operative

10

facts and <u>could have been raised</u> in the prior proceeding")
(footnote and citations omitted); <u>Brown v. Felson</u>, 442 U.S. 127,
139 n.10 (1979) ("res judicata forecloses all that which might
have been litigated previously").

Because "[t]he term 'cause of action' embraces all theories
on which relief could be claimed arising out of the same factual
transaction," res judicata is considered to be a "broader remedy"
than the companion principle of collateral estoppel. <u>ERG, Inc.</u>
<u>v. Barnes</u>, 137 N.H. 186, 191, 624 A.2d 555, 558 (1993) (citing
<u>Eastern Marine Constr. Corp v. First Southern Leasing</u>, 129 N.H.
270, 275, 525 A.2d 709, 712 (1987)); <u>see also</u> <u>Shepherd v.</u>
<u>Westmoreland</u>, 130 N.H. 542, 544, 543 A.2d 922, 923 (1988) ("when
determining whether res judicata bars a subsequent action" the
court's inquiry focuses upon "whether the second action
constitutes a different cause of action from the first . . . .
[T]he term '"cause of action" means the right to recover,
regardless of the theory of recovery. A theory of recovery must
be pleaded, or be subject to bar.'") (quoting <u>Eastern Marine</u>,
<u>supra</u>, 129 N.H. at 274, 525 A.2d at 712)).

Acknowledging that "[t]he central policy 'exemplified by the
free permissive joinder of claims, liberal amendment provisions,
and compulsory counterclaims, is that the whole controversy
between the parties may and often must be brought before the same

11

court in the same action,'" <u>Eastern Marine</u>, <u>supra</u>, 129 N.H. at 274-75, 525 A.2d at 712 (quoting <u>Williamson v. Columbia Gas & Elec. Corp.</u>, 186 F.2d 464, 469 (3d Cir. 1950), <u>cert. denied</u>, 341 U.S. 921 (1951)), New Hampshire courts consistently bar suits "closely related" to an earlier action, even where the subsequent action is advanced under a separate legal theory. <u>See</u> <u>Shepherd</u>, <u>supra</u>, 130 N.H. at 544, 543 A.2d at 923; <u>accord</u>, <u>Eastern Marine</u>, <u>supra</u>, 129 N.H. at 275, 525 A.2d at 713 ("'a change in labels is not sufficient to remove the effect of the prior adjudication'") (quoting <u>Lougee v. Beres</u>, 113 N.H. 712, 714, 313 A.2d 422, 423 (1973)).

Accordingly, "[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." RESTATEMENT, <u>supra</u>, § 24.[7]

---

[7]The rule as enunciated in section 24

applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action
(1) To present evidence or grounds or theories of the case not presented in the first action, or
(2) To seek remedies or forms of relief not demanded in the first action.

### (1) Finality of State Court Judgment

On May 10, 1994, the Merrimack County Superior Court, acting upon defendants' motion to dismiss, granted said motion and dismissed plaintiff's February 28, 1994, complaint in its entirety. This ruling became final on January 19, 1995, when plaintiff's motion to reconsider was denied by the New Hampshire Supreme Court.

"The rules of res judicata are applicable only when a final judgment is rendered." RESTATEMENT, supra, § 13. "[W]hen res judicata is in question a judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court . . . ." Id. cmt. b.

This rule of "finality" applies with equal force when the judgment is entered "for the defendant on demurrer or motion to dismiss for failure to state a claim." Id. § 19, cmt. d; see also 1B JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, ¶ 0.409[1.-2], at II-132, -133 (1995) ("in a system in which pleadings are simple and liberally construed and amendment liberally allowed, it is clearly preferable to provide the opportunity to replead before

---

RESTATEMENT, supra, § 25; see also Eastern Marine, supra, 129 N.H. at 275, 525 A.2d at 712.

13

entry of judgment and regard the judgment as a bar. This is the rule in federal courts and the trend of the decisions in the state courts."); ERG, Inc., supra, 137 N.H. at 191, 624 A.2d at 559 ("dismissal for failure to state a cause of action [is] a final decision on the merits"); Ruple v. City of Vermillion, 714 F.2d 860, 862 (8th Cir. 1983) ("a judgment entered on a motion to dismiss . . . is just as binding as a judgment entered after a trial of the facts"), cert. denied, 465 U.S. 1029 (1984).

In light of the authorities hereinabove discussed, the court finds and rules that plaintiff's prior state court action, Civil No. 94-C-130-WS, against the defendants has been finally resolved, on the merits, by a court of competent jurisdiction.


(2)  Identity of the Parties

As previously noted, plaintiff's state court complaint named, inter alia, the Town of Henniker, Selectmen Colby and Belanger, and Police Officer Walter Crane as defendants. In the present action, plaintiff adds two defendants: the Henniker Police Department and Chief Timothy Russell. The question thus raised is whether these two "new" defendants share sufficient identicality with the parties named as defendants in the prior state court action so as to establish privity, a necessary concomitant to the res judicata bar.

14

The Supreme Court has "abandon[ed] the requirement of mutuality of parties," United States v. Mendoza, 464 U.S. 154, 158 (1984) (citing Blonder-Tongue Labs., Inc. v. University of Ill. Found., 402 U.S. 313 (1971)), and a district court acts "well within its discretion in dismissing . . . actions pursuant to the doctrine of nonmutual claim . . . preclusion," Randles v. Gregart, 965 F.2d 90, 93 (6th Cir. 1992) (citing Hazaard v. Weinberger, 382 F. Supp. 225, 226-29 (S.D.N.Y. 1974) (nonmutual claim preclusion appropriate when pro se litigant brings repeated actions upon same operative facts with slight change in legal theories and "case of characters-defendants"), aff'd without opinion, 519 F.2d 1397 (2d Cir. 1975)).

Plaintiff's state court complaint focuses upon the harm allegedly inflicted by Henniker and its agents as a result of the change in zoning, judicially sanctioned enforcement of same, and forcible implementation of said judicial decree--all of which had the ultimate effect of closing down plaintiff's junkyard. That plaintiff's state court litigation proceeded against defendants in their individual capacities, while the instant action pertains both individually and officially, is of no moment. Plaintiff's claims arose as a result of conduct taken by defendants while in the scope of their employment. Consequently, Henniker obliged itself to both represent and protect the interests of the

15

municipal defendants.[8]

The court thus finds and rules that the defendants named in this suit and those named in the prior state court litigation satisfy the privity requirement.  Accordingly, the court further finds and rules that all of the current defendants are entitled to interpose the res judicata defense against the plaintiff.

### (3)  Identity of Causes of Action

Whereas plaintiff's state court action was styled as a "takings" claim under the constitutions of the State of New Hampshire and the United States, his federal court suit alleges violations of his civil rights.  See supra, at 3-4.  Both actions, however, have their genesis in the events leading up to and including Henniker's October 21, 1992, attempt to shut down

---

[8]The court notes that, with respect to the addition of the Henniker Police Department and Chief Russell, the

> newly named defendants are in privity with those who were defendants in the state court. In other words, they are so closely related to the state-court defendants, and their interests are so nearly identical, that it is fair to treat them as the same parties for purposes of determining the preclusive effect of the state-court judgment.  Any other rule would enable plaintiff to avoid the doctrine of res judicata by the simple expedient of not naming all possible defendants in [his] first action.

Ruple, supra, 714 F.2d at 862 (emphasis added).

16

plaintiff's junkyard.  As the First Circuit has limned, "[t]he issue is 'not whether the plaintiff in fact argued his [civil rights] claims in the state proceeding, but whether he could have.'"  Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983) (quoting Manego v. Cape Cod Five Cents Sav. Bank, 692 F.2d 174, 175 n.2 (1st Cir. 1982)) (alteration in Isaac).  "[I]f the transactions here at issue are essentially the same as those in the state court case, [plaintiff] could have asserted his present claims there."  Id.

"[A] defeated party may not institute another action '. . . seeking . . . approximately the same relief but adducing a different substantive law premise or ground.  This does not constitute the presentation of a new claim when the new premise or ground is related to the same transaction or series of transactions . . . .'"  Boucher v. Bailey, 117 N.H. 590, 592, 375 A.2d 1160, 1162 (1977) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 61.1 cmt. d. (Tent. Draft No. 1, 1973)).

"Generally, once a party has exercised the right to recover based upon a particular factual transaction, that party is barred from seeking further recovery, even though the type of remedy or theory of relief may be different."  Radkay v. Confalone, 133 N.H. 294, 298, 575 A.2d 355, 357 (1990) (citing Eastern Marine, supra, 129 N.H. at 275, 525 A.2d at 712); see also Eastern

17

<u>Marine</u>, <u>supra</u>, 129 N.H. at 276, 525 A.2d at 713 ("'That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims.  This remains true although the several legal theories . . . would call for different measures of liability or different kinds of relief.'" (quoting RESTATEMENT, <u>supra</u>, § 24 cmt. c)).

The court finds and rules that all the issues herein raised could easily have been raised as part of the state court proceedings.  "It would be anomalous for a court to refuse to apply the claim preclusion doctrine precisely <u>because</u> the plaintiff has done what the doctrine is intended to deter." <u>Wong</u>, <u>supra</u>, 961 F.2d at 1021; <u>Griffin v. Rhode Island</u>, 760 F.2d 359, 361 (1st Cir.) ("By forcing plaintiffs to bring related claims as part of a single cause of action, res judicata prevents needless and duplicative litigation." (citations omitted)), <u>cert. denied</u>, 474 U.S. 845 (1985); <u>Eastern Marine</u>, <u>supra</u>, 129 N.H. at 273, 525 A.2d at 711 (doctrine of res judicata ensures "that at some point litigation over a particular controversy must come to an end" (quotation and citation omitted)).

Plaintiff's dispute with Henniker, its selectmen, and its police officers, having been found unmeritorious in the courts of New Hampshire, fares no better in the courts of the United

18

States. Plaintiff's present complaint and the prior state court action arise, without question, from the same transaction or series of transactions and, as such, implicate New Hampshire principles of res judicata. Accordingly, defendants' motion for judgment on the pleadings must be and herewith is granted.

## Conclusion

For the reasons set forth herein, defendants' motion for judgment on the pleadings (document 11) is granted. Plaintiff's federal suit is precluded, under the doctrine of res judicata, by the dismissal of his previous state court litigation. The clerk of court is instructed to enter judgment accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 6, 1995

cc:  Lawrence R. Homo, Sr., pro se
     Barton L. Mayer, Esq.

19