**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0066, <u>Christopher John Krochina v. Town of Meredith</u>, the court on November 19, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The petitioner, Christopher John Krochina, appeals the order of the Superior Court (<u>O'Neill</u>, J.) dismissing his appeal of the decision of the Town of Meredith Planning Board (board) conditionally approving the application of neighboring property owners for a boundary line adjustment.  The applicants sought board approval to relocate the boundary line between their adjoining properties so that it would conform to the existing location of their adjacent driveways, which were encroaching on each other's property.  The petitioner, an abutter, objected to the application, asserting that he owns part of the property subject to the proposed boundary line adjustment.  He argues that the board's decision to approve the application was unlawful and unreasonable and that the trial court erred in dismissing his appeal.

The trial court's review of a planning board decision is limited.  <u>Prop. Portfolio Group v. Town of Derry</u>, 163 N.H. 754, 757 (2012).  The trial court must treat the board's factual findings as <u>prima</u> <u>facie</u> lawful and reasonable, and cannot set the decision aside absent unreasonableness or identified error of law.  <u>Id</u>.  "The trial court is not to determine whether it agrees with a planning board's findings, but rather whether there is evidence upon which they could have been reasonably based."  <u>Id</u>. (quotation omitted).  It is the petitioner's burden to demonstrate, by the balance of probabilities, that the board's decision was unreasonable.  <u>Id</u>.  We, in turn, will uphold the trial court's order unless it is unsupported by the record or legally erroneous, looking to whether a reasonable person could have reached the same decision as did the trial court based upon the same evidence.  <u>Id</u>. at 757-58.

The intervenors, Paul and Elaine Taylor, assert that there is no merit to the petitioner's claim that he owns part of the property subject to the boundary line adjustment.  Nevertheless, in recognition of the petitioner's claim, the board approved the application on the condition that "if a court determines that [the petitioner] is in fact the owner of the land he claims, that determination would invalidate this approval by the board."  As the board correctly determined, and the trial court properly affirmed, the petitioner's

disputed ownership claim is not a matter within the board's jurisdiction.  See Short v. Town of Rye, 121 N.H. 415, 416 (1981) (dispute between private parties over whether plaintiffs had right to certain roadway was not within planning board's jurisdiction).  Accordingly, the board's decision to approve the application subject to this condition was neither unlawful nor unreasonable.  See Prop. Portfolio Group, 163 N.H. at 757-58.

The petitioner also argues that the application was incomplete and deficient in several respects, and that the board erred in accepting it as complete.  He further argues that the board erred in approving the application without the necessary variances, although he fails to explain what variances were necessary.  Nor does he articulate how his abutting property is impacted by the application.  We have considered the petitioner's remaining arguments, and we conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Based upon our review of the trial court's well-reasoned order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has failed to demonstrate that the trial court's order is unsupported by the record or legally erroneous.  See Prop. Portfolio Group, 163 N.H. at 757-58.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2