**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0360, <u>Walter Donovan v. Town of Piermont</u>, the court on February 18, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Walter Donovan, appeals the order of the Superior Court (<u>MacLeod</u>, J.) affirming a decision of the Zoning Board of Adjustment (ZBA) of the defendant, the Town of Piermont, granting an application for a special exception to the intervenor, Whitman Real Estate Holding Company, LLC (Whitman).  The plaintiff argues that the superior court erred in:  (1) ruling that Whitman's application was not barred by res judicata; (2) affirming the ZBA's erroneous application of the governing legal standard; (3) concluding that there was evidence to support the application; and (4) affirming an unlawful expansion of a pre-existing nonconforming use.

The plaintiff first argues that the superior court erred in ruling that Whitman's application for a special exception was not barred by res judicata.  Judicial review in zoning cases is limited.  <u>Brandt Dev. Co. of N.H. v. City of Somersworth</u>, 162 N.H. 553, 555 (2011).  Factual findings by the ZBA are deemed <u>prima</u> <u>facie</u> lawful and reasonable, and the ZBA's decision will not be set aside by the superior court absent errors of law unless it is persuaded by the balance of probabilities, on the evidence before it, that the ZBA decision is unlawful or unreasonable.  RSA 677:6 (2008).  We will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous.  <u>Brandt Dev. Co. of N.H.</u>, 162 N.H. at 555.  The interpretation and application of a statute or ordinance is a question of law, and we review the superior court's ruling on such issues <u>de</u> <u>novo</u>.  <u>Id</u>.

Whitman operates a summer camp for children on Lake Armington.  The camp was established in 1948, before the town adopted its zoning ordinance.  In November 2001, the town zoning administrator notified Whitman that it was violating the ordinance by exceeding the scope of its nonconforming use.  After years of litigation that followed, including appeals to this court, the ZBA found, in a decision dated October 16, 2008, that Whitman's continuing use of its property as a summer camp for children "reflect[ed] the nature and purpose of the prevailing nonconforming use," and allowed the use provided that the camp's population not exceed 425 campers and counselors-in-training and 213

staff members, for a total population of 638 persons. However, the board specifically noted that "nothing in this decision is intended to prejudge any future special exception or other application the Camp may make to this Board." We affirmed the ZBA's decision in its entirety. See Wendy Cahill & a. v. Town of Piermont, No. 2009-0754 (N.H. April 22, 2011).

On February 1, 2012, Whitman applied to the ZBA for permission to add twenty-two members to the camp staff, for a total of 235 staff members. According to the application, there would be no change in the camp's daily operating schedule, and no expansion of its facilities. Whitman stated that it would be "keeping the Camp within its historical purpose," and that the additional staff would serve to improve supervision and safety. On June 25, 2012, the ZBA denied the request on the basis that Whitman had failed to demonstrate a material change in circumstances since the ZBA's October 16, 2008 decision, citing Fisher v. Dover, 120 N.H. 187 (1980). Approximately one year later, Whitman applied for a special exception seeking the same relief. On November 25, 2013, after two public hearings, the ZBA granted the application, and on May 12, 2015, the superior court affirmed. The plaintiff argues that the superior court erred in ruling that Whitman's application for a special exception was not barred by res judicata, after the ZBA denied its previous request for the same relief.

We recently held that res judicata does not bar a variance application after the denial of a building permit application. See Merriam Farm, Inc. v. Town of Surry, 168 N.H. 197, 201 (2015). We reasoned that if we were to hold otherwise, we would "effectively require landowners to simultaneously apply for all potentially necessary land use permits, variances, and exceptions." See id. We noted, moreover, that "such a decision would contravene the statutory scheme, which explicitly establishes separate procedures for seeking exceptions to building permit requirements and seeking variances." Id. Similarly, in this case, Whitman first sought permission to add twenty-two staff members as a lawful expansion of its pre-existing, nonconforming use. See Town of Hampton v. Brust, 122 N.H. 463, 469 (1982) ("[W]here there is no substantial change in the use's effect on the neighborhood, the landowner will be allowed to increase the volume, intensity or frequency of the non-conforming use."); see also RSA 674:19 (2008). When the ZBA denied that application, Whitman sought a special exception. See New London Land Use Assoc. v. New London Zoning Board, 130 N.H. 510, 517 (1988) ("A special exception is a use permitted upon certain conditions as set forth in a town's zoning ordinance."); see also RSA 674:33, IV (Supp. 2015). Based upon our holding in Merriam Farm, we conclude that the superior court correctly ruled that res judicata did not bar Whitman's application for a special exception.

The plaintiff next argues that the superior court erred in affirming the ZBA's decision because the ZBA, in ruling on Whitman's special exception application, should have considered whether its "entire operation" met the

2

special exception requirement. "This means," the plaintiff argues, that in applying for a special exception, Whitman "takes the risk that the size of its operation, if . . . approved . . . , may be smaller in size than what is allowed as a nonconforming use." We disagree. The parameters of Whitman's pre-existing, nonconforming use were set forth in the ZBA's 2008 decision, which set limits of 425 campers and counselors-in-training and 213 staff members. "The right to continue a nonconforming use is a vested right, secured not only by statute, see RSA 674:19 (2008), but also by Part I, Articles 2 and 12 of the New Hampshire Constitution." Dovaro 12 Atlantic, LLC v. Town of Hampton, 158 N.H. 222, 227 (2009). Accordingly, we conclude that the ZBA correctly applied the special exception criteria to Whitman's request for an additional twenty-two staff members. See Brandt Dev. Co. of N.H., 162 N.H. at 555. The plaintiff's reliance upon New London Land Use Assoc. is misplaced because the applicant in that case sought to convert its motel into a condominium development, "a new use which was not in existence at the time the zoning ordinance was passed and the nonconformity established." See New London Land Use Assoc., 130 N.H. at 517. In this case, the special exception involves no new construction and no change in Whitman's use of the property as a children's camp.

The plaintiff next argues that the superior court erred in affirming the ZBA's decision because Whitman did not meet the requirements for a special exception. When reviewing a decision of a zoning board of adjustment, the superior court acts as an appellate body, not as a fact finder. Chester Rod & Gun Club v. Town of Chester, 152 N.H. 577, 583 (2005). Resolution of conflicts in the evidence and the determination of issues of fact are the proper function of a zoning board of adjustment, not the superior court. Lone Pine Hunters' Club v. Town of Hollis, 149 N.H. 668, 671 (2003).

Under Article V, Section 4 of the town's zoning ordinance, the ZBA may grant a special exception if it determines that: (a) the proposed site is an appropriate location for such use; (b) the use will not adversely affect the neighborhood; (c) the proposed architecture and landscaping will not be detrimental to the general character of the neighborhood; and (d) the use complies with all regulations established by the ordinance. See Piermont, N.H., Zoning Ordinance, Article V, § 4 (2011). The plaintiff challenges only the evidence supporting the criteria in subsections (a) and (b) of Section 4. The plaintiff argues that the site is not an appropriate location for the requested use because the camp already is one of the largest summer camps in the state, and Lake Armington is relatively small. In addition, the camp population already increases the town's total population by approximately 75 percent. The plaintiff also argues that the proposed use of the site will adversely affect the neighborhood. Neighbors have complained about noise from the camp, and the plaintiff asserts that the increase in staff will result in an increase in the noise level.

3

The ZBA found that the site has been used as a children's camp since at least 1948, and that its natural features, along with its lawful development, make it appropriate for the proposed use. In addition, the ZBA found that the addition of twenty-two staff members would not result in a significant increase in noise emanating from the camp; on the contrary, the ZBA found, "the added staff should contribute in a positive manner to off-site noise, in that the additional staff should enable the Camp to better manage the campers and their generation of noise." We find evidence in the record to support the ZBA's findings. See Brandt Dev. Co. of N.H., 162 N.H. at 555.

Finally, the plaintiff argues that the increased staff constitutes an unlawful expansion of Whitman's nonconforming use. The superior court affirmed the ZBA's decision to approve the additional staff as a special exception under the town's ordinance, not as a lawful expansion of Whitman's nonconforming use. See 1808 Corp. v. Town of New Ipswich, 161 N.H. 772, 777 (2011) (distinguishing between nonconforming uses and special exceptions). Therefore, we conclude that the plaintiff's assertion provides no ground for error.

We have considered the plaintiff's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

4