# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0270, <u>Wayne Perreault v. Town of Goffstown & a.</u>, the court on April 14, 2016, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case.  The plaintiff, Wayne Perreault, appeals several rulings of the Superior Court (<u>Brown</u>, J.) affirming the decision of the zoning board of adjustment (ZBA) for defendant Town of Goffstown (Town), which upheld the determinations of the town administrative officer regarding a driveway located on the property of defendants Tristram and Marcella Gordon.  On appeal, Perreault argues that the trial court erred when it determined that:  (1) our decision in <u>Fisher v. City of Dover</u>, 120 N.H. 187 (1980), prevented him from relitigating the modification of the driveway; (2) collateral estoppel applied, preventing him from arguing the driveway could not be modified; and (3) the interpretation of the zoning ordinance regarding the width of the driveway by the subsequent administrative officer was lawful and reasonable.  We affirm.

The record supports the following facts.  At issue in this appeal is a driveway located on the Gordons' property in Goffstown.  The Gordons' property is comprised of two parcels of land, each of which historically had its own driveway.  The northern parcel's driveway was approximately six-to-ten feet wide, and originally consisted of two concrete strips (the northern driveway).  The Gordons' residence is on the southern parcel where there is another driveway (the southern driveway).  Perreault and the Town agree that the parcels were merged into a single lot, but there is some disagreement in the record as to when this merger occurred.

In August 2010, the Town's zoning code enforcement officer, Derek Horne, sent the Gordons a letter stating that he had learned that they had "begun construction of a second driveway" on their property and that they would need to seek a conditional use permit to do so.  After speaking with the Gordons and conducting his own research, Horne issued a subsequent letter stating that "[i]t is evident the concrete blocks were used as a second driveway by the previous owner to park vehicles here," and that it was his determination that "there have been two driveways at this location and a driveway modification permit from the Department of Public Works is appropriate."

In September, the Department of Public Works and Highways issued the Gordons a driveway modification permit.  The permit allowed the Gordons to

pave the existing northern driveway to a maximum width of "22 feet (incl. 5 foot flares[])." Horne formalized his administrative determinations in a letter dated October 19. Perreault, who resides across the street from the Gordons, appealed Horne's determinations to the ZBA.

The minutes reflect that, at the ZBA hearing, Perreault's attorney stated that he did not agree with the determination that the driveway was "historical" but that he did not "have the information to dispute it." Rather, he argued that the zoning ordinance did not allow the Gordons to "impermissibly expand a non[-]conforming use." He argued that a "three fold" expansion of the northern driveway to 22 feet was impermissible and in contravention of the ordinance. The ZBA ultimately voted to uphold Horne's determinations. After unsuccessfully seeking a rehearing, Perreault did not appeal the ZBA's decision to the superior court.

In August 2011, Perreault emailed a public works employee stating that the Gordons' driveway was incomplete and the permit had expired, and that the portion that was completed was wider than 22 feet. The employee responded that she had extended the permit due to road construction on the public street that impacted the completion of the Gordon's driveway. She also stated that the 22-foot-width limitation applied only at the town right-of-way line.

On September 21, 2011, Brian Rose, the planning and zoning administrator responsible for zoning code enforcement, sent a letter to the Gordons. In the letter, Rose stated that, after further complaints from Perreault, he had made several administrative decisions "in an attempt to clarify [the Gordons'] rights." In relevant part, Rose determined that "the driveway entrance at the [town] right-of-way line is the only part of the driveway that is limited to twenty-two (22) feet" and that the remainder of the driveway "is limited by Zoning Ordinance to 28 feet." Rose also determined that, because the Gordons' "lot is only permitted one driveway based on [the] Zoning Ordinance" and "[s]ince the property had two driveways existing at the time this regulation was enacted," by expanding the northern driveway, the Gordons "have chosen that driveway as the conforming driveway on [their] property." Therefore, Rose stated, "the southern driveway becomes the legal non-conforming driveway" as to which no expansion will be allowed without a variance.

Perreault appealed Rose's determinations to the ZBA, which held a hearing on December 6, 2011. Perreault did not appear at the hearing but submitted a statement for the ZBA's consideration. The hearing minutes indicate that Rose stated that the reference to the 22-foot width of driveways is found in the development regulations, but the "Zoning Ordinance says no driveway shall be wider than 28 feet. That is the maximum width of the driveway." Rose also stated that, because the properties were merged into one

2

lot with two existing driveways, there was no way of telling which driveway was "grandfathered." Therefore, Rose determined that, because the Gordons chose to expand the northern driveway, the southern driveway was "the grandfathered driveway" and could not be expanded further without a variance. The ZBA continued the appeal to the next month's meeting, during which it voted to uphold Rose's determinations. Following the denial of Perreault's request for rehearing, he appealed to the superior court.

In his appeal, Perreault argued, among other things, that the ZBA acted unlawfully by allowing "an illegal expansion . . . of a non-conforming driveway" and by improperly upholding Rose's determination "that the Northern Driveway was the conforming driveway." The Town moved for "an order directing that the issue of the right . . . of the Gordons to modify and alter the north driveway . . . has been foreclosed by the unappealed decision of the ZBA in the earlier ZBA case."

In its order, the trial court remanded the matter for the ZBA to determine, in the first instance, whether the rule articulated in Fisher v. City of Dover barred Perreault from arguing that the northern driveway could not be expanded. Additionally, the trial court determined that the ZBA did not err when it upheld Rose's determination that the maximum width of the driveway pursuant to the ordinance was 28 feet, and the 22-foot width applied only at the town right-of-way line. After remand, the ZBA determined that Fisher barred Perreault's current appeal. After the denial of a request for rehearing, the parties had a final hearing in the superior court.

The trial court's final order affirmed the ZBA's decision. The trial court ruled that Fisher applied to this case and that Perreault was foreclosed from arguing that the Gordons could not modify the northern driveway. The trial court also found that collateral estoppel prevented Perreault from raising the issue of modification of the northern driveway. This appeal followed.

"Judicial review in zoning cases is limited." Merriam Farm, Inc. v. Town of Surry, 168 N.H. 197, 199 (2015). "Factual findings of the ZBA are deemed prima facie lawful and reasonable, and the ZBA's decision will not be set aside by the superior court absent errors of law unless it is persuaded by the balance of probabilities, on the evidence before it, that the ZBA decision is unlawful or unreasonable." Id.; see also RSA 677:6 (2008). "We will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous." Merriam Farm, Inc., 168 N.H. at 199. "The interpretation and application of a statute or ordinance is a question of law, and we review the trial court's ruling on such issues de novo." Id.

We first address Perreault's argument that the trial court erred when it determined that collateral estoppel prevented him from challenging the Gordons' right to expand the northern driveway. Initially, Perreault argues

3

that, although the Town raised the issue of res judicata before the trial court, it never raised collateral estoppel as an affirmative defense in its answer or in its motion and has, therefore, waived it. However, even if the trial court erroneously applied collateral estoppel sua sponte, in order to properly preserve this argument for our review, Perreault must have raised this error in a motion for reconsideration so that the trial court would have had the opportunity to correct itself. See LaMontagne Builders v. Bowman Brook Purchase Group, 150 N.H. 270, 274 (2003) (stating that a party must raise legal errors arising as a result of the trial court's order in a motion for reconsideration in order to preserve them for our review). The record does not contain any motion for reconsideration of the trial court's decision; therefore, Perreault's argument is not preserved for appellate review. See id.

Perreault also argues that the trial court erred because collateral estoppel does not apply in this case. Specifically, he contends that the issues raised in the current appeal differ from those raised in the appeal from Horne's determinations.

"In its most basic formulation, the doctrine of collateral estoppel bars a party to a prior action, or a person in privity with such a party, from relitigating any issue or fact actually litigated and determined in the prior action." Petition of Kalar, 162 N.H. 314, 320 (2011). "The applicability of collateral estoppel is a question of law that we review de novo." Id. at 321. Although we typically apply a five-factor test in order to determine whether collateral estoppel applies, see id. at 320-21, the only developed argument that Perreault makes is that the trial court erred when it found that the issues in the two appeals were the same. See id. Therefore, we need address only that argument.

At the outset, we note that the trial court did not rule that collateral estoppel prevented Perreault from raising all issues arising out of Rose's determinations. In fact, it stated that Perreault "was not prevented from appealing [Rose's determinations regarding] restrictions, permit extension, or clarified dimensions" of the northern driveway. Rather, it determined that Rose's determinations "did not consider or alter what . . . Horne already granted the Gordons: the original right to modify the northern driveway." Thus, the trial court found that Perreault was barred from "disputing the Gordons' right to modify the northern driveway" under the doctrine of collateral estoppel. We agree with the trial court.

In his second letter to the Gordons, Horne stated that he determined "there have been two driveways at this location" and that a driveway modification permit was proper, presumably in lieu of a conditional use permit as he had stated in a prior letter. According to the minutes, during the hearing before the ZBA, Horne stated that the property "historically" had two driveways, the northern "six foot driveway couldn't accommodate a vehicle of today," and that "[i]t's a natural expansion as vehicles become larger and curb

4

cuts become larger." There was also discussion about the basis for the 22-foot-width limit. Horne stated that it was the maximum width specified in the development regulations, and that, pursuant to the regulations, "it could be 22 feet wide, including 5 foot flares on both sides of the road."

Perreault's prior counsel objected to Horne's decision, arguing that the northern driveway "is a grandfathered non[-]conforming aspect of the property" and that Horne's "determination will allow [the Gordons] to impermissibly expand a non[-]conforming use." The ZBA rejected Perreault's argument that "[t]he expansion of a non[-]conforming use to occupy a greater area is not permissible," and Perreault did not appeal the ZBA's decision to the superior court. Subsequently, in his letter to the Gordons, Rose noted that the ZBA "voted to affirm Mr. Horne's determination (regarding whether or not [the northern] driveway is an allowed driveway and could be expanded up to the maximum width)." From the record, it is clear that the prior appeal to the ZBA concerned Horne's determination that the Gordons could request a permit to expand the northern driveway to the maximum width permissible, which Horne determined to be 22 feet.

In his current appeal, Perreault argues that the trial court "did <u>not</u> rule upon the preliminary issue of whether the Gordons' [northern] driveway could be expanded in the first instance" and that "the trial court erred when it failed to address and resolve whether the Gordons unlawfully expanded their nonconforming driveway." This is the precise issue that Perreault's prior attorney argued in the ZBA hearing regarding Horne's determination, and Perreault decided not to appeal that decision to the superior court. In fact, in a hearing in the trial court, on appeal from Rose's determinations, Perreault admitted that Horne had previously determined that the Gordons "were permitted to expand [the northern] driveway based on the proposition that it was an existing driveway at the time the zoning was implemented." Therefore, we conclude that the northern driveway expansion issue is the same issue that was not previously appealed and therefore Perreault is collaterally estopped from asserting it now. Accordingly, we need not address whether <u>Fisher</u> also bars Perreault from raising that issue. <u>See</u> <u>Fisher</u>, 120 N.H. at 190.

To the extent that Perreault argues that the designation of the northern driveway as conforming or non-conforming is a separate issue from whether the Gordons are allowed to expand the northern driveway, we disagree. In the trial court, Perreault argued that Rose's determination "leads specifically to an expansion of [a] non[-]conforming use," which is not permitted under the zoning ordinance, and that his "position is the Gordon[s] do not have the legal right to modify and alter the north driveway as a conforming use." Thus, labeling the driveway as non-conforming is part and parcel of his position that the northern driveway cannot be expanded. However, as demonstrated above, the prior decision of the ZBA regarding Horne's determinations affirmed the Gordons' ability to expand the driveway. Perreault did not appeal the ZBA's

decision, and that decision became final. Given the posture of this case, the label affixed to the northern driveway is immaterial when the end result is the same: the Gordons are permitted to expand the northern driveway. Thus, we are not persuaded that the trial court erred by not separately addressing this issue.

Next, Perreault argues that the trial court erred in upholding the ZBA's interpretation of the zoning ordinance and development regulations to allow the northern driveway to be a maximum width of 28 feet. "The interpretation of a zoning ordinance is a question of law, which we review de novo." Anderson v. Motorsports Holdings, 155 N.H. 491, 494 (2007). "We are the final arbiter of the interpretation of a zoning ordinance's terms." Id. "Because the traditional rules of statutory construction generally govern our review, the words and phrases of an ordinance should be construed according to the common and approved usage of the language." Id. at 494-95.

The trial court found "applicable and instructive" section 7.3.4 of the Town's zoning ordinance, which is located in the "Parking Area Design Standards" section of the ordinance. It states:

> Driveway widths - Driveways connecting parking lots to a street or another parking lot shall be at least twenty-four (24) feet in width for two-way traffic flow and at least twelve (12) feet in width for one-way traffic flow. No driveway shall exceed twenty-eight (28) feet in width except where the Planning Board requires a driveway of three (3) lanes or more as part of the approval of a Site Plan pursuant to Section 15.4.2, Subdivision Approval and Site Plan Review.

(Emphasis added.) The trial court also cited section 8.C.7 of the Town's development regulations, which states that "[t]he maximum width of any residential driveway, at the Town right-of-way line, shall not exceed 22 feet, including flare radii of 5 feet." (Emphasis added.) The court stated "that Ordinance 7.3.4 addresses driveways generally and is thus the most instructive regulation as to the permissible width of the Gordons' driveway after the right of way line." The court agreed with the Town that, taken together, section "8.C.7 applies to the driveway width at the town right-of-way line [and] Ordinance 7.3.4 applies to driveway width thereafter."

Perreault argues that the applicability of Ordinance 7.3.4 is "tenuous at best and warrants reversal." Specifically, he argues that, although the ZBA determined that parking within the driveway was permitted, the Gordons did not have a parking area with designated parking spaces or similar features. Perreault argues that the trial court should have instead applied section 5.21.4 of the ordinance, which specifies that driveways "remain residential in scale, e.g. 18' wide in front yard." However, as Perreault admits, section 5.21.4

6

applies only to the RSBO-1 District, which includes mixed uses, whereas the Gordons' property is located in the separate Residential-1 District. Moreover, we agree with the trial court that section "5.21.4 merely gives an example of a residential driveway's width" and "does not specify a precise measurement." Thus, we are not persuaded that the trial court erred when it did not apply section 5.21.4 to the Gordons' property.

Perreault also argues that the plain language in section 8.C.7 of the development regulations, stating that the maximum width of the driveway at the Town right-of-way line "shall not exceed 22 feet, including flare radii of 5 feet," means that driveways are to taper by 5 feet on both sides after the right-of-way line, resulting in a driveway width of 12 feet. However, nothing in the language of the regulation mandates such a result. Rather, the plain language states that the driveway cannot be wider than 22 feet at the right-of-way line, and that the 22-foot width is inclusive of any flaring, so that a homeowner may not attempt to make it wider than 22 feet if the owner chooses to include flares. Therefore, we find no basis to reverse the trial court's ruling on this issue.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**