# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0126, <u>Robert V. Cavanagh & a. v. Charles Beaulieu & a.</u>, the court on September 20, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse and remand.

The plaintiffs, Robert V. Cavanagh and Rhoda M. Cavanagh, appeal an order of the Superior Court (<u>Colburn</u>, J.) granting summary judgment in favor of the defendants, Charles Beaulieu and Diane R. Beaulieu, Trustees of the Mammoth Fire Alarms Realty Trust. They contend that the trial court erred by finding that: (1) their suit regarding encroachments on a side lot line and their suit to enforce a "Wetland Conservation District . . . and Wildlife Corridor" constituted the same cause of action for the purpose of res judicata; and (2) an action that was pending when a subsequent action was filed could preclude the subsequent action by virtue of res judicata.

In this case, the plaintiffs and defendants are abutters with a common side lot boundary. In 2014, the defendants received approval from the planning board to extend their garage into a "Wetland Conservation District . . . and Wildlife Corridor" shown on the subdivision plan for the parties' lots as running across the back of both lots. The plaintiffs brought an action against the town to enforce the restrictions they claim were created in this area.

While their action against the town was pending, the plaintiffs filed suit against the defendants for encroaching upon their common sideline. While this encroachment action was pending, but after the plaintiffs' action against the town was resolved against them, the plaintiffs brought a second action against the defendants to enforce the restrictions on the back of the defendants' lot. After the encroachment action was resolved, the parties both moved for summary judgment in this action. The defendants argued that this suit was barred by res judicata and that the restriction on the back of their lot was unenforceable. The trial court granted the defendants' motion only as to res judicata. This appeal followed.

To the extent that the defendants argue that, because the plaintiffs have not provided the parties' summary judgment pleadings, including the plaintiffs' motion to reconsider, the record before us is insufficient to allow for review, we disagree. We note that the plaintiffs attached their motion for reconsideration, in

which they develop their legal arguments, to the notice of appeal. We further observe that the trial court's application of the res judicata doctrine in its narrative order raises a question of law, which we review de novo. Merriam Farm, Inc v. Town of Surry, 168 N.H. 197, 199 (2015).

We first address whether the trial court erred by ruling that the plaintiffs' suit to enforce the "Wetland Conservation District" was barred by res judicata. Res judicata applies if three elements are met: (1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in two actions; and (3) the first action ended with a final judgment on the merits. Id. Whether a claim is barred by res judicata is determined on a case-by-case basis. Cook v. Sullivan, 149 N.H. 774, 777 (2003).

In this case, the only issue in dispute is whether the plaintiffs' two suits against the defendants constituted the same cause of action. For the purpose of res judicata, a "cause of action" is the underlying right that is preserved by bringing a suit. Finn v. Ballentine Partners, LLC, 169 N.H. 128, 147, 149 (2016) (finding res judicata barred second action that merely sought additional damages for the same injury claimed in first action). It encompasses all theories upon which relief could be claimed on the basis of the factual transaction in question. Id. at 147. Thus, if several theories of recovery arise out of the same transaction or occurrence, they amount to one cause of action. Id.

In this context, "transaction" describes factual occurrences that can be grouped together naturally or that share operative facts. Id. Several factors assist in determining whether two actions arise from the same factual occurrence: their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes. Id. at 147-48.

In this case, the plaintiffs first brought suit against the defendants for encroaching upon their common boundary, which formed the sideline of their respective lots. They brought the second action against the defendants to enforce the "Wetland Conservation District . . . and Wildlife Corridor," shown on the subdivision plan on the back of the defendants' lot. This second suit did not assert a different theory regarding the defendants' encroachments on the plaintiffs' side boundary; rather, it asserted that the back of the defendants' lot was subject to a use restriction. Thus, in each suit, the plaintiffs sought to preserve a different underlying right. See id. at 147.

Furthermore, the operative facts in each suit were different. In the plaintiffs' first suit, the operative facts were whether and where the defendants were encroaching upon the plaintiffs' property. In the plaintiffs' second suit, the operative facts were whether an enforceable restriction had been created when the lots were subdivided in 1997. See id.

Thus, the plaintiffs' two suits were not related in time, space, origin, or motivation. See id. at 147-48. The issues being litigated arose at different times; the first suit concerned the use of the plaintiffs' property, while the second suit concerned the use of the defendants' property; the first suit originated in the defendants' encroachments on to the plaintiffs' property, while the second suit originated in the subdivision plan and deeds; the plaintiffs' motivation in the first suit was to recover their property, while their motivation in the second suit was to enforce a use restriction on the defendants' property.

The defendants argue that the two suits involved the same properties, the same parties, and the same deeds, that they both involved the enforcement of property rights, and that there will be a "substantial overlap of witnesses and evidence." However, the material facts are different. Cf. Kalil v. Town of Dummer Zoning Bd. of Adjustment, 159 N.H. 725, 731 (2010) (finding two suits involved same cause of action when no material fact alleged in second suit was not alleged in first suit); Eastern Marine Const. Corp. v. First Southern Leasing, 129 N.H. 270, 275-76 (1987) (same). To the extent that the defendants argue that both suits rely upon the original subdivision plan, we note that the order in the encroachment action relied upon a survey of the common boundary line completed in 2015.

The defendants liken this case to Osman v. Gagnon, 152 N.H. 359 (2005). In that case the second action could have been raised as a defense or counterclaim in the first action. Id. at 362. However, in the case at hand, the plaintiffs' two suits are not similarly related. Cf. Meier v. Town of Littleton, 154 N.H. 340, 344 (2006) (declining to extend Osman when defense could only have been raised as permissive cross-claim).

Although litigating both the plaintiffs' causes of action together might have been convenient, under the particular facts of this case, we cannot conclude that the plaintiffs' two suits against the defendants presented the same cause of action. See Cook, 149 N.H. at 777 (stating that whether a claim is barred by res judicata is determined on a case-by-case basis).

In light of this conclusion, we need not address the plaintiffs' other argument. Upon remand, the trial court may address the remaining grounds raised by the cross-motions for summary judgment.

Reversed and remanded.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**